UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>SKIN LOGIC, LLC,<br><br>　　　Debtor. | Chapter 11<br><br>Case No. 23-11352 (KHK) |

**OBJECTION OF HARRY KAMIN TO CONFIRMATION OF FIRST AMENDED PLAN OF LIQUIDATION FOR SMALL BUSINESS UNDER CHAPTER 11**

Pursuant to Federal Rule of Bankruptcy Procedure 3020(b) and Local Bankruptcy Rule 3016-1(E), creditor Harry Kamin ("Mr. Kamin"), by and through undersigned counsel, hereby files his Objection to Confirmation of the First Amended Plan of Liquidation for Small Business under Chapter 11 [Dkt. No. 96] (the "Amended Plan") filed on March 11, 2024 by debtor Skin Logic, LLC ("Skin Logic"). In support of his Objection, Mr. Kamin states as follows:

**I.　PRELIMINARY STATEMENT**

1.　In the Amended Plan, Skin Logic pivots from a hybrid plan where it would either continue operations or sell all of its assets within two years to a liquidating plan where it proposes to sell all of its assets after continuing to operate for up to one year. However, like the original plan, the Amended Plan cannot be confirmed, in particular because it does not provide for a crucial

Marc E. Albert, No. 26096
Tracey M. Ohm, No. 77150
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

Bethany R. Benes, No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Building, Suite 246
Fairfax, Virginia 22033
Tel.: (703) 260-9325
bbenes@bethunebenes.com

*Counsel for Harry Kamin*

element – the cure necessary to assume and assign Skin Logic's lease with BNG Group LLC ("BNG").

## II. BACKGROUND

2. Mr. Kamin is the plaintiff in that certain action entitled *Harry Kamin v. Valeria Gunkova, et al.* (Circuit Court of Loudoun County, Case No. CL-21-1557) (the "Loudoun Case"). He is a 50% Class A Member of entity BNG, a Virginia limited liability company whose sole business purpose is owning and leasing the commercial property located at 2 Pidgeon Hill Drive in Sterling, Virginia (the "Building").

3. Valeria V. Gunkova, Debtor in Case No. 23-11261-BFK and partner of Jacob G. Bogatin, Debtor in Case No. 23-11157-BFK, is the other 50% Class A Member of BNG. Skin Logic is a limited liability company owned by Ms. Gunkova. The business of Skin Logic is a medical spa operated by Ms. Gunkova and Mr. Bogatin, and Skin Logic is a tenant in the Building.

4. Mr. Kamin filed the Loudoun Case in March 2021 as a result of Ms. Gunkova's improper conduct, including her continuous disregard of Mr. Kamin's rights as a Member of BNG, her repeated violations of her fiduciary duties to BNG, and her acts of forgery and fraud. Over the course of two years, Mr. Kamin uncovered information and documentation that revealed that Ms. Gunkova and Mr. Bogatin conspired to commit and did commit fraud against Mr. Kamin, including through Skin Logic. On June 16, 2023, the Court in the Loudoun Case granted Mr. Kamin leave to amend his claims to add Skin Logic to the Loudoun Case.

5. On August 24, 2023, Skin Logic filed its petition for bankruptcy, and the Loudoun Case was stayed. Due to the filing of the above-captioned proceeding as well as the bankruptcy filings of Ms. Gunkova and Mr. Bogatin, Mr. Kamin's claims against Skin Logic remain

unliquidated. Mr. Kamin timely filed a proof of claim against Skin Logic, which has been designated as Claim No. 5.

### III. AMENDED PLAN OBJECTIONS

6. Even a liquidating plan, as the Amended Plan alleges to be, must meet the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code. In a liquidating plan, "[t]he focus of the analysis is whether the liquidation itself, as proposed in the plan, is feasible." *In re Two Streets, Inc.*, 597 B.R. 309, 317 (Bankr. S.D. Miss. 2019). The liquidation proposed in the Amended Plan is not feasible because it fails to account for certain significant expenses.

7. First, although the Amended Plan indicates that Skin Logic intends to assume the lease with BNG for the space in the Building, in order to do so it must cure any defaults under the lease or provide adequate assurance of a prompt cure under Section 365(b) of the Bankruptcy Code. Even what little rent Skin Logic has paid post-petition has been paid in the amount of $12,000 per month as opposed to the approximately $28,000 due under the lease, and even then, Skin Logic has failed to consistently make monthly payments. Despite the fact that the leased space in the Building is essential for Skin Logic's operations there are no provisions in the Amended Plan to cure the substantial past-due rent owed to BNG.

8. In addition, there is no apparent provision in the Amended Plan for payment of on-going monthly rent to BNG during the up to twelve months that Skin Logic intends to continue operating the business. Although Skin Logic has at times asserted that it has a "prepaid rent" credit from BNG, as noted in the Trustee's monthly operating reports, that claim is disputed. *See, e.g.,* Monthly Operating Report for Small Business Under Chapter 11 for January 2024, Dkt. No. 91, p. 5. Further, as noted in the Chief Restructuring Officer's Objection to Confirmation of First Amended Plan of Liquidation for Small Business under Chapter 11 filed by BNG Chief

3

Restructuring Office Angela Shortall [Dkt. No. 110] (the "BNG CRO Objection"), even if the alleged credits were undisputed, they will be exhausted as of May 1, 2024. BNG CRO Objection, fn. 2, p. 5. It is also clear from the BNG CRO Objection that BNG has not consented to allow Skin Logic to continue to operate in the Building without paying rent.

9. Nor does the Amended Plan demonstrate that impaired creditors will receive at least the amount that would be received in a Chapter 7 liquidation of Skin Logic as required under Bankruptcy Code Section 1129(a)(7). In the liquidation analysis of the Amended Plan, Skin Logic argues that such a sale would be more efficient than a Chapter 7 sale due to lower administrative costs, in particular, no Chapter 7 trustee commission, and the ability to market the business absent the stigma of bankruptcy. However, this analysis fails to take into account that as opposed to an expedient sale by a Chapter 7 trustee, under the Amended Plan the estate will incur the costs of Ms. Gunkova continuing to operate the business for six to twelve months while the sale is marketed and consummated, including, but not limited to, the additional administrative expense of the rent due to BNG for that period.

10. In addition, although cash-on-hand as of the sale closing is to be distributed with the sale proceeds, there is no discussion in the Amended Plan as to whether equity holders will receive any profits that may be earned by Skin Logic within the post-confirmation marketing and sale process period. Any such distributions in violation of the bankruptcy priority scheme would further impact the liquidation analysis.

WHEREFORE, Harry Kamin requests (i) the Objection be sustained in its entirety; (ii) that confirmation of the Amended Plan be denied; and (iii) such other and further relief as the Court deems just and proper.

4

Dated: April 23, 2024      Respectfully submitted,

      /s/ Tracey M. Ohm
      Marc E. Albert, No. 26096
      Tracey M. Ohm, No. 77150
      STINSON LLP
      1775 Pennsylvania Ave., N.W., Suite 800
      Washington, DC 20006
      Tel. (202) 728-3020
      Fax (202) 572-9943
      marc.albert@stinson.com
      tracey.ohm@stinson.com

      and

      Bethany R. Benes, No. 85408
      BETHUNE BENES, PLLC
      3975 Fair Ridge Drive
      South Building Suite 246
      Fairfax, Virginia 22033
      Tel.: (703) 260-9325
      bbenes@bethunebenes.com

      *Counsel for Harry Kamin*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a copy of the foregoing Objection was filed and served via the Court's Electronic Filing System on all parties receiving such notification, and a copy was sent by U.S. Mail to the following:

Maurice B. VerStandig
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
*Counsel for the Debtor*

Stephen A. Metz
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
*Trustee*

Jack Frankel
Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Office of the U.S. Trustee*

    /s/ Tracey M. Ohm
    Tracey M. Ohm

CORE/3529060.0002/188861604.1