IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> Skin Logic, LLC, <br><br><br> Debtor. | Case No. 23-11352-KHK <br><br> Chapter 11 |

**THE UNITED STATES TRUSTEE'S OBJECTION TO
THE CONFIRMATION OF THE CHAPTER 11 PLAN**

Gerard R. Vetter, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, files this objection to confirmation (the "Objection") of the First Amended Plan of Liquidation ("Amended Plan") filed on March 11, 2024 (Doc. No. 96) by the debtor Skin Logic, LLC ("Debtor"). In support of his Objection, the U.S. Trustee represents and alleges as follows:

**Jurisdiction, Venue & Constitutional
Authority to Enter a Final Order**

1.    The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

2. Gerard R. Vetter is the Acting United States Trustee for Region 4, which includes the Eastern District of Virginia, under 28 U.S.C. § 581 (a)(7). Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, he is charged with several supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring plans and disclosure statements filed in chapter 11 cases. 28 U.S.C. § 586(a)(3)(B).

## Background

4. On August 24, 2023 ("Petition Date"), the Debtor commenced the instant case by filing a voluntary petition for relief under chapter 11. Doc. No. 1. The Debtor operated as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code between August 24, 2023 and September 27, 2023.

5. The Debtor's Schedules and Statement of Financial Affairs ("SOFA") (Doc. No. 1) were filed with the Court on August 24, 2023.

6. Stephen Metz was appointed Subchapter V Trustee on August 27, 2023. (Doc. No. 11). Pursuant to the U.S. Trustee's motion, Mr. Metz was appointed as the Operating Trustee on September 27, 2023 (Doc. No. 47). Mr. Metz continues to operate the debtor in bankruptcy.

7. On November 22, 2023, the Debtor filed its Plan of Reorganization for Small Business Under Chapter 11. (Doc. No. 63).

8. On March 11, 2024, the Debtor filed a First Amended Plan of Liquidation for Small Business Under Chapter 11. (Doc. No. 96).

**Argument**

9. As proponent of the Plan, the Debtor must prove that it has satisfied all applicable elements of Section 1129(a) and 1191 of the Code. To the extent that the Debtor is not able to meet its burden, confirmation of the Plan should be denied.

10. Under section 1129(a)(11), a plan may only be confirmed if it is feasible. A plan meets the feasibility standard if the debtor has shown there is "a reasonable assurance of success." *Kane v. Johns-Manville (In re Johns-Manville)*, 843 F.2d 636, 649 (2d Cir. 1988). The purpose of the feasibility requirement is to "prevent the confirmation of visionary schemes which promise more ... than the debtor can possibly attain after confirmation." *See In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985).

11. The Debtor's Amended Plan anticipates a sale of its assets over a twelve-month period while continuing to operate. The Amended Plan contemplates assuming the lease with BNG Group LLC ("BNG") but provides no substantive means for curing the prepetition and post-petition defaults under the lease, or providing for the payment of rent due under the Lease as the Debtor continues to operate the business during the proposed sale period.

12. The Debtor's budget and payments show that the business is running barely positive, while paying minimal rent to BNG:

| Month | Filed By | Proj. Income | Act. Income | Expenses | Net |
|---|---|---|---|---|---|
| Aug. 2023 | Debtor | $32,736.77[1] | $13,291.44 | $18,186.48 | ($4,895.04) |
| Sept. 2023 | Trustee | $130,947.08[2] | $83,893.64 | $94,249.78 | ($10,356.14) |
| Oct. 2023 | Trustee | $130,947.08[3] | $100,449.14 | $87,840.37 | $12,608.77 |
| Nov. 2023 | Trustee | $124,000 | $121,613.62 | $98,110.47 | $23,503.15 |
| Dec. 2023 | Trustee | $123,650 | $101,502.06 | $108,715.44 | ($7,213.38) |
| Jan. 2024 | Trustee | $112,000 | $123,289.91 | $119,289.99 | $3,992.92 |
| Feb. 2024 | Trustee | $120,000 | $111,071.27 | $116,272.50 | $5,201.23 |

As to the rent, the Operating Trustee has only managed to make partial payments of $12,000 during December 2023 through February 2024 based on the filed operating reports. The Debtor is therefore at risk of defaulting under its current lease.[4] While the Debtor has shown a positive income in October and November and a small positive amount in January and February, the positive income is still offset due to the lease obligations which are not being paid in full. It is also notable that expenses have continued to increase every month except one since September 2023 when the Trustee took control while the income has remained mostly stagnant, despite the plan projecting increases each month. The Amended Plan is not feasible in taking twelve months

---

[1] The numbers listed are based on the Debtor's proposed budget which was filed at Docket No. 10 in support of the Cash Collateral request.
[2] See footnote 1.
[3] See footnote 1.
[4] The U.S. Trustee is aware that there is a pending dispute regarding the rental obligation and amounts due. The case was filed in August of 2023; rent would therefore accrue for September 2023 forward, for a total of 5 months rent through January 2024. The lease calls for rental payments in the approximate amount of $28,000 per month. To date, the Operating Trustee has paid $12,000.00 each month from December 2023 through February 2024.

4

to sell the asset when the budget shows that the rent is in default and will grow further in default over the next year. Further, the budget shows that the debtor cannot, based on current income and expenses, pay the full amount of rent due on an ongoing basis.

WHEREFORE, the U.S. Trustee asks that the Court (i) deny confirmation of the Plan; and (ii) for such other and further relief as may be just.

| | |
|---|---|
| Date: April 23, 2024 | GERARD R. VETTER<br>Acting United States Trustee, Region Four<br><br>By: */s/ Michael T. Freeman*<br>Michael T. Freeman<br>Asst. United States Trustee<br>Office of the United States Trustee<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314<br>(703) 557-7274- Direct Dial<br>(202) 934-4174- Office Cell<br>Michael.T.Freeman@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2024, I electronically filed the foregoing Objection with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Marc E. Albert marc.albert@stinson.com, dc05@ecfcbis.com; porsche.barnes@stinson.com;malbert@ecf.epiqsystems.com;joshua.cox@stinson.com

Alan D. Eisler aeisler@e-hlegal.com, mcghamilton@gmail.com

Jack Frankel jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov; robert.w.ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

David William Gaffey dgaffey@whitefordlaw.com, clano@wtplaw.com

Lawrence Allen Katz lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com; ndysart@hirschlerlaw.com;aklena@hirschlerlaw.com

Stephen A. Metz smetz@offitkurman.com, MD71@ecfcbis.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

Benjamin P. Smith bsmith@shulmanrogers.com, ctremper@shulmanrogers.com; CGold@shulmanrogers.com;RParadis@shulmanrogers.com

Matthew J. Troy matthew.troy@usdoj.gov, USAVAE.ALX.ECF.CIVIL@usdoj.gov

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Gerard R. Vetter ustpregion04.ax.ecf@usdoj.gov

                                             */s/ Robert W. Ours*
                                             Robert W. Ours
                                             Paralegal Specialist