# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: | Case No.: 23-11352-KHK |
| SKIN LOGIC, LLC, | Chapter 11 |
| Debtor. | |

## MOTION TO WAIVE DISCHARGE

Comes now Skin Logic, LLC ("Skin Logic" or the "Debtor"), by and through undersigned counsel, pursuant to Section 1141(d)(4) of Title 11 of the United States Code, and moves for approval of a waiver of the Debtor's discharge, and in support thereof states as follows:

Skin Logic has filed herein a plan of liquidation, DE #96, and remains committed to the orderly and efficient liquidation of the Debtor's assets and operations through the Chapter 11 process. Under governing law, the confirmation of a liquidating plan does not beget a discharge unless the subject confirmation is non-consensual in nature. 11 U.S.C. § 1181(c).[1] It is Skin Logic's hope to confirm a consensual plan of liquidation but, in any event, Skin Logic is acutely aware that the absence of a discharge, in the prism of a non-consensual plan of liquidation, is academic in nature, as Skin Logic will be left with no assets for creditors to pursue upon completion of the liquidation.

In light of the foregoing, and in an abiding desire to avoid the further incursion of legal fees defending a now-pending adversary proceeding, Skin Logic hereby seeks to waive its

---

[1] The Debtor has previously suggested, and continues to assert, that this statutory oddity is a manifest drafting error, as it defies logic and reason for a consensual plan to *not* invite a discharge, but for a non-consensual plan to invite a discharge. Accepted as-drafted, Section 1181 of the Bankruptcy Code essentially amounts to an *in terrorem* clause.

1

discharge. This is *not* done out of any lack of confidence in the bona fides of Skin Logic's defense to the pending adversary proceeding, nor out of any fear of the adversary proceeding, but rather solely with respect for the time of the Debtor's principals and acknowledgement of the scant economic resources of the Debtor. No one is bettered through diverting precious time and valuable resources toward the defense of an adversary proceeding that is *de facto* moot.

Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No.: MD18071
THE BELMONT FIRM
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig