Stephen A. Metz (89738)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **SKIN LOGIC, LLC** | ) | |
| | ) | **Case No. 23-11352-KHK** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ORDER (A) ESTABLISHING BIDDING**
**PROCEDURES IN CONNECTION WITH THE**
**SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS;**
**(B) APPROVING ASSUMPTION AND ASSIGMENT PROCEDURES;**
**AND (C) SCHEDULING AN AUCTION AND A SALE HEARING**

This matter having come before the Court on the Emergency Motion (a) for Entry of an Order Establishing Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets; and (b) Approving Procedures for the Assumption and Assignment of Contracts and Determining Cure Amounts (the "Motion") filed by Stephen A. Metz, Subchapter V trustee (the "Trustee") for Skin Logic, LLC (the "Debtor"), in connection with the sale of substantially all of Debtors' Assets, it is by the United States Bankruptcy Court for the Eastern District of Virginia,

**ORDERED**, that the Motion be, and it hereby is, GRANTED; and it is further

**ORDERED**, that the bid procedures and assumption/assignment procedures set forth herein be, and the same hereby are APPROVED; and it is further

**ORDERED**, that in the event that Harpreet Singh or a new entity formed by him

("Purchaser") is not the successful bidder at an auction of substantially all of the Debtor's assets (the "Sale"), only the Purchaser shall be entitled to a break-up fee in the amount of $44,000 to be paid solely from the proceeds of the Sale at closing; and it is further

**ORDERED**, that in the event the Trustee receives additional qualifying offers for the purchase of Debtor's assets, the Trustee shall conduct an auction at Offit Kurman, P.A., 7501 Wisconsin Avenue, Suite 1000W, Bethesda, MD 20814 commencing at 1:00 p.m. on July 29, 2024 (the "Auction Sale"), and the Court shall conduct a hearing on approval of the Sale after the auction, if any, commencing at 12:00 p.m. on July 30, 2024; and it is further

**ORDERED**, that any objections to entry of an Order approving the Sale must be in writing and be filed with the United States Bankruptcy Court for the Eastern District of Virginia (and served upon Trustee), no later than 4:00 p.m. Eastern Time on the date that is three (3) business days before the Auction Sale and that any person objecting to the Sale after the auction may present such objection at the hearing scheduled for July 30, 2024 at 12:00 p.m.

**BID PROCEDURES**

    A.    <u>Bid Procedures</u>:

    (a)    All bids for the Asset Sale shall be in the form of a signed asset purchase agreement substantially in the form to be submitted by Purchaser and filed with the Court (the "Bid") to Trustee, via Email at smetz@offitkurman.com, by 2:00 p.m. Eastern Standard Time on the date that is five (5) business days before the Auction Sale (the "Bid Date"); and

    (b)    Any Bid(s) shall be irrevocable until the conclusion of the Auction and shall:

    (i)    contain a description of the bidder(s)' business;

    (ii)    include such prospective bidder(s)' financial statements for the preceding two years or other evidence of financial ability sufficient to consummate a sale;

    (iii)    such Bid (a) at a minimum, provides for consideration of at least $20,000.00 over and above the Purchase Price, plus the amount of any break-up fee to Purchaser approved by this Court, (b) provides for the payment in cash at the Closing, (c) is not conditioned on the outcome of due diligence by the bidder(s) with respect to the Debtor's assets that is not completed by the time of the Auction, and (d) is not conditioned on the bidder(s)' ability to obtain financing; and

    (iv)    be accompanied by a good faith deposit of $200,000.00 (the "Earnest Money Deposit") by certified or cashier's check payable to Stephen A. Metz, Trustee for Skin Logic, or via wire transfer to the Trustee (who shall provide wire instructions upon request), which deposit shall be subject to the jurisdiction of the Bankruptcy Court and shall (a) be retained by the Trustee in the event the bidder(s) submit(s) the Accepted Offer(s) as defined below, which is approved by the Bankruptcy Court, but fails to consummate sale, or (b) be

returned to such bidder(s) in the event the Bid(s) is not the Accepted Offer(s), or is not approved by the Bankruptcy Court.;

    B.    <u>Auction Sale</u>:

The following terms and conditions shall govern the conduct of the Auction Sale:

(a) Upon receipt of any Bid(s) that satisfy(ies), in the sole opinion of the Trustee, the required terms and conditions set forth in the preceding paragraphs, the Trustee may communicate with such bidder(s) before the Auction, and such alternative bidder(s) shall provide to the Trustee on the next business day after the Trustee requests therefor, any information reasonably required by the Trustee in connection with the Trustee's evaluation of such Qualifying Offer(s);

(b) Prior to the Auction, the Trustee will evaluate any Qualifying Offer(s) he has received with respect to Asset Sale and will select the highest and/or best offer(s) for the Asset Sale from among such offers (the "Opening Offer(s)"). At a minimum, the determination as to whether an offer is a highest and best offer is expressly conditioned on that offer meeting the incremental monetary requirements set forth in the Bidding and Auction Procedures. In considering any Qualifying Offer(s), the Trustee shall consider the value thereof to the Debtor's estate including cash. If multiple bids in the same amount for the Asset Sale are received, the Trustee shall designate the order of bidding at the Auction;

(c) Only those prospective bidders who have satisfied the conditions described above may participate in the Auction. All bidders shall appear at such Auction in person, or through a duly authorized representative. Before the commencement of the Auction, each bidder or its representative shall be required to provide the Trustee with proof satisfactory to the Trustee that such bidder or representative is legally empowered, by power of attorney or otherwise, and

financially capable to (a) bid on behalf of the prospective bidder(s), and (b) complete and sign, on behalf of the bidder(s), a binding and enforceable purchase agreement to acquire the Debtor's assets, and to perform its obligations with respect thereto;

(d) All bidders shall be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction;

(e) All Bids shall be "firm offers" and shall not contain any contingencies as to the validity, effectiveness and/or binding nature of the bid, including, without limitation, contingencies for financing, due diligence or inspection;

(f) If multiple bids satisfying all Auction requirements are received, each party shall have the right to continue to improve its bid at the Auction;

(g) Within one business day following Bankruptcy Court approval of the Asset Sale, the entity(ies) that make(s) the highest and best bid for each of the Debtor's assets (the "Accepted Offer(s)"), shall complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which such Accepted Offer was made;

(h) Subject to Bankruptcy Court approval following the Auction, the entity(ies) that make(s) the Accepted Offer shall be sold the Debtor's assets, pursuant to an Order entered by the Court and an executed asset purchase agreement(s) substantially in the form of Purchaser's asset purchase agreement; and

(i) Notwithstanding anything contained herein to the contrary, if for any reason the entity(ies) that make(s) the Accepted Offer fail(s) to consummate the purchase of the Debtor's assets on the date determined by the Trustee and such bidder, the bidder with the next highest and best bid will automatically be deemed to have submitted the Accepted Offer, to the extent

5

the Trustee consents, the Trustee and such bidder are authorized to effect the transaction contemplated herein as soon as is commercially reasonable. In such event, the Trustee will submit a proposed order to the Bankruptcy Court. If there are no objections to the sale within five (5) days of such service by the Trustee, the Bankruptcy Court will enter an order approving the next highest and best bidder without further notice or hearing. In such event, the Trustee specifically reserves the right to seek all available damages from the defaulting bidder(s), including, without limitation, retention of the Earnest Money Deposit(s).

### ASSUMPTION/ASSIGNMENT AND CURE COSTS PROCEDURES

A.  The Cure Notice attached hereto as Exhibit 1 is reasonably calculated to provide all non-Debtor counterparties to the Debtor's executory contracts and unexpired leases (each a "Contract" or "Lease" and, collectively, the "Contracts and Leases") with proper notice of the potential assumption and assignment of their Contract or Lease and any cure amounts relating thereto and of the Assumption and Assignment Procedures; *provided* that the mere listing of any Contract or Lease on the Cure Notice does not require or guarantee that such Contract or Lease will be assumed and assigned, and all rights of the Trustee and Debtor with respect to such Contracts and Leases are reserved.

B.  The procedures set forth below regarding the assumption and assignment of the Contracts and Leases proposed to be assumed by the Trustee pursuant to section 365(b) of the Bankruptcy Code and assigned to the Purchaser (or other Successful Bidder(s) arising from the Auction, if any) pursuant to section 365(f) of the Bankruptcy Code (to be defined in the APA, collectively, the "Assumed Contracts/Leases") in connection with the Sale are hereby approved to the extent set forth herein (the "Assumption Procedures"). These Assumption Procedures shall govern the assumption and assignment of all Assumed Contracts/Leases assumed and assigned in

connection with the Sale under the APA.

(i) <u>Cure Notice</u>**.** The Cure Notice, substantially in the form attached hereto as Exhibit 1, is hereby approved. Within five (5) days of entry of this Bidding Procedures Order, the Trustee shall file with the Bankruptcy Court and serve via first class mail, electronic mail or overnight delivery the Cure Notice on all non-Debtor counterparties to Contracts and Leases and their counsel (if known) and provide a copy of same to the Purchaser. The Cure Notice shall (i) identify the Contracts and Leases, (ii) provide the Trustee's good faith estimates of the corresponding cure amounts required to cure all outstanding defaults under the Contracts and Leases, and (iii) include the deadline by which any counterparty to the Contract or Lease may file an objection to the proposed assumption and assignment and/or cure, and the procedures relating thereto; provided, however, that service of a Cure Notice does not constitute an admission that such Contract or Lease is an executory contract or unexpired lease.

(ii) <u>Objections</u>**.** Objections, if any, to the proposed assumption and assignment or the cure amount proposed with respect thereto, must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed cure amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court before the Sale Objection Deadline. Promptly following the Trustee's selection of the Successful Bidder(s) and the conclusion of the Auction, the Trustee shall announce the Successful Bidder(s) and shall file with the Bankruptcy Court a notice of the Successful Bidder(s). If and only if the Purchaser is **not** the Successful Bidder, counterparties to the Debtor's Contracts and Leases shall have until the Sale Hearing to object to the assumption and assignment of a Contract or Lease solely on the

7

issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. For the avoidance of doubt, if the Purchaser is the Successful Bidder, all adequate assurance objections must be filed by the Sale Objection Deadline.

    (iii)    <u>Dispute Resolution</u>. Any objection to the proposed assumption and assignment of a Contract or Lease or related cure proposed in connection with the Sale that remains unresolved as of the Sale Hearing, shall be heard at the Sale Hearing (or at a later date as fixed by the Court). ***Except as otherwise set forth herein or in the Bidding Procedures with respect to objections to assignment of Contracts and Leases to parties other than the Purchaser, any party who fails to timely file an objection to its scheduled cure amount listed on the Cure Notice or to the assumption and assignment of a Contract or Lease (a) shall be forever barred from objecting thereto, including (i) making any demands for additional cure amounts or monetary compensation on account of any alleged defaults against the Debtor, its estate, the Trustee, the Purchaser or other Successful Bidder arising from the Auction, if any, with respect to any such Assumed Contract/Lease and (ii) asserting that the Purchaser or other Successful Bidder has not provided adequate assurance of future performance as of the date of the Sale Order and (b) shall be deemed to consent to the Sale.***

Date: _____     _____
    Klinette H. Kindred
    United States Bankruptcy Judge

    Entered on Docket: _____

I ask for this:

*/s/ Stephen A. Metz*
Stephen A. Metz
Virginia State Bar No. 89738
Offit Kurman, P.A.
7501 Wisconsin Ave., Suite 100W
Bethesda, MD 20814
Phone: (240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

Seen and _____:
GERARD R. VETTER
Acting United States Trustee, Region 4

By: _____
Michael T. Freeman
Virginia State Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

**Certificate of Endorsement by All Parties**

Pursuant to Local Rule 9022-1(C), I hereby certify that the proposed order has been endorsed by all necessary parties.

*/s/ Stephen A. Metz*
Stephen A. Metz

**Copies to:**

Stephen A. Metz
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814

4867-6129-9901, v. 1

9

**Exhibit 1 to Bidding Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **SKIN LOGIC, LLC** | ) | **Case No. 23-11352-KHK** |
| | ) | **Chapter 11** |
| **Debtor** | ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**YOU ARE RECEIVING THIS NOTICE
BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A
COUNTERPARTY TO AN EXECUTORY CONTRACT OR
UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET
FORTH ON <u>EXHIBIT A</u> AND <u>EXHIBIT B</u>, RESPECTIVELY, ATTACHED HERETO.[1]**

**PLEASE TAKE NOTICE** that, on May 13, 2024, Stephen A. Metz, Subchapter V trustee (the "Trustee") for Skin Logic, LLC (the *"Debtor")* filed a motion (the *"Bidding Procedures Motion")* with the United States Bankruptcy Court for the Eastern District of Virginia (the *"Bankruptcy Court")* seeking entry of an order (a) authorizing and approving bidding procedures with stalking horse bid protections in connection with the sale of substantially all of the Debtor's assets, (b) approving procedures for the assumption and assignment of contracts and leases and noticing of related cure amounts, and (c) scheduling the sale hearing and setting other related dates and deadlines, all as further described in the Bidding Procedures Motion. Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Bidding Procedures Motion.

**PLEASE TAKE FURTHER NOTICE** that, on June __, 2024, the Bankruptcy Court entered an order approving the Bidding Procedures [Docket No. _] (the *"Bidding Procedures Order").*

**PLEASE TAKE FURTHER NOTICE** that, on July 30, 2024 (the *"Sale Hearing"),* the Debtors intend to seek entry of an order approving a sale to the Purchaser (or other successful bid) (the *"Sale Order")* or other successful bidder. To the extent that there are any inconsistencies between the Bidding Procedures Order and the summary description of the terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

---

[1] This notice is being sent to counterparties to Contracts and Leases. This Notice is not an admission by the Trustee that such contract or lease is executory or unexpired.

1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order, the Trustee **may** assume and assign to the Purchaser or other successful bidder either on the date of the closing of the Sale (the *"Closing Date")* to the Purchaser or to such successful bidder, or on or before the Designation Deadline (as defined in, and pursuant to, the APA) the Contracts and Leases listed on **Exhibit A** and **Exhibit B** attached hereto to which you are a counterparty. The Trustee has conducted a review of Debtor's books and records and has determined that the cure amount for unpaid monetary obligations under such Contracts and Leases is as set forth on **Exhibit A** and **Exhibit B** attached hereto (the *"Cure Amount").*

**Objections to Cure Amount and Adequate Assurance:**

**PLEASE TAKE FURTHER NOTICE** that, if you disagree with the proposed Cure Amount, object to the proposed assignment to the Purchaser of any Contract or Lease, or object to the Purchaser's ability to provide adequate assurance of future performance with respect to any Contract or Lease, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Bankruptcy Court and served by no later than **[same date as objection to sale – 3 business days before Auction], 2024,** (the *"Objection Deadline")* on the Trustee: Stephen A. Metz, Offit Kurman, P.A., 7501 Wisconsin Avenue, Suite 1000W, Bethesda, MD 20814, smetz@offitkurman.com, TEL: (240) 507-1723.

**PLEASE TAKE FURTHER NOTICE** that, if and only if the Purchaser is not the successful bidder for the Debtor's assets, you shall have through and until the Sale Hearing to object to the proposed assumption and assignment of any Contract or Lease solely on the issue of whether the successful bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. For the avoidance of doubt, if the Purchaser is the successful bidder, all adequate assurance objections must be filed by the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that, requests for adequate assurance information for the Purchaser is available by contacting Trustee.

**PLEASE TAKE FURTHER NOTICE that, with respect to objections to the assumption and assignment of any Contract or Lease, any party who fails to timely file an objection to its scheduled Cure Amount listed on the Cure Notice or to the assumption and assignment of any Contract or Lease (a) shall be forever barred from objecting thereto, including (i) making any demands for additional cure amounts or monetary compensation on account of any alleged defaults against the Debtor, its estates, the Purchaser or other successful bidder arising from the Auction, if any, with respect to any such Contract or Lease and (ii) asserting that the Purchaser or other successful bidder has not provided adequate assurance of future performance as of the date of the Sale Order and (b) shall be deemed to consent to the Sale.**

2

Any objection to the proposed assumption and assignment of a Contract or Lease or related Cure Amount in connection with the Sale that remains unresolved as of the Sale Hearing shall be heard at the Sale Hearing (or at a later date as fixed by the Court).

**Sale Hearing:**

**PLEASE TAKE FURTHER NOTICE** that, the Sale Hearing is presently scheduled to take place on **July 30, 2024, at 12:00 p.m.** Eastern Time, or as soon thereafter as counsel may be heard, before the Honorable Klinette H. Kindred, United States Bankruptcy Judge, at **U.S. Bankruptcy Court, Eastern District of Virginia, 200 S. Washington Street, Alexandria, VA 22314, Judge Kindred's Courtroom**.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Contract or Lease on the Cure Notice does not require or guarantee that such Contract or Lease will be assumed and assigned, and all rights of the Trustee with respect to such Contracts and Leases are reserved. Moreover, the Trustee explicitly reserves his right, in his sole discretion, to seek to reject or assume each Contract or Lease pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Purchaser (or, as applicable, any successful bidder) to designate Contracts and Leases as assumed on or before the Closing Date (as defined in the APA) and set forth more fully in the Sale Order approving, among other things, (i) the sale of the Debtor's assets, free and clear of liens, claims, encumbrances and interests contemplated by the APA, and the (ii) assumption and assignment of certain Contracts and Leases.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Contracts and Leases or the validity, priority or amount of any claims of a counterparty to any Contract or Lease against the Debtor that may arise under such Contract or Lease, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Contract or Lease against the Debtor that may arise under such Contract or Lease.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By:    /s/ Stephen A. Metz
Stephen A. Metz, Esq. (Bar. No. 89738)
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
TEL:   (240) 507-1723
FAX:   (240) 507-1735
Email: smetz@offitkurman.com

*Subchapter V Trustee*

4889-2588-8445, v. 1

3