Stephen A. Metz (89738)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **SKIN LOGIC, LLC** | ) | |
| | ) | **Case No. 23-11352-KHK** |
| | ) | **Chapter 11** |
| **Debtor** | ) | **(Subchapter V)** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### SUBCHAPTER V TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

Stephen A. Metz, Subchapter V trustee (the "Trustee") for Skin Logic, LLC ("Debtor"), hereby moves this Court for the entry of an Order approving the sale of substantially all of the Debtor's assets (the "Sale"), and states as follows:

1.      On August 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code initiating this case.

2.      On September 27, 2023, the Court entered an Order Granting the Acting United States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee Pursuant to 11 U.S.C. § 1185(a).

3.      The Debtor is a Virginia corporation with its principal place of business at 2 Pidgeon Hill Drive, Sterling, Virginia 20165. The Debtor trades as Aria Medi Spa, operating a premiere day spa.  The Debtor provides services ranging from advanced laser treatments to yoga classes, all the while furnishing a topnotch massage therapy menu in a relaxed and inviting environment.

4.     Prior to the Petition Date, the Debtor began marketing its assets for sale.  Prior to the Petition Date, the Debtor worked with a broker, Mark Irion of Transworld Business Advisors of Richmond VA ("Transworld").  On December 28, 2023, the Trustee filed an Application for Authority to Employ Mark Irion and Transworld Business Advisors of Richmond VA as Broker to the Estate (the "Application to Employ Transworld"), and on January 2, 2024, the Court entered an Order granting the Application to Employ Transworld.

5.     Transworld identified several potential purchasers of the Debtor's assets, and the Trustee met with and communicated with multiple potential purchasers.

6.     The Trustee has determined in his business judgment that the most likely highest recovery for creditors will be through the sale of substantially all of Debtor's assets.

7.     Attached hereto as Exhibit A is a copy of a Term Sheet dated May 10, 2024 (the "Term Sheet") received from Harpreet Singh (the "Purchaser").  Purchaser proposes to purchase substantially all of the Debtor's assets for $2,000,000.00.  The Trustee and Purchaser have agreed to negotiate an Asset Purchase Agreement ("APA") consistent with the provisions of the Term Sheet, and the Trustee intends to supplement this Motion with the full APA as soon as possible.  The Trustee had hoped to already have a complete APA negotiated and prepared, but that process was delayed due to related negotiations with the Debtor's landlord concerning satisfactory lease amendments, assumption and assignment.  The Purchaser has had independent discussions with Angela Shortall, CRO for Debtor's landlord.  The Trustee understands that the Purchaser and Ms. Shortall are close to reaching mutually acceptable terms.  The purchase price of $2,000,000.00 is based upon the terms Purchaser expects to be contained in a lease amendment.

**Argument**

8.      Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." To obtain court approval to use property under § 363(b) of the Bankruptcy Code, the Trustee need only show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 993 F.2d 513, 515 (7th Cir. 1991)); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (7th Cir. 1983) (same).

9.      Pursuant to Section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property "free and clear of any interest in such property of an entity other than the estate" if any of the following conditions is satisfied:

> (a)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (b)      such entity [holding an interest] consents;
>
> (c)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property;
>
> (d)      such interest is in bona fide dispute; or
>
> (e)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See WBQ Partnership v. Virginia Dep't of Medical Assistance Services (In re WBQ Partnership)*, 189 B.R. 97, 101 (Bankr. E.D. Va. 1995) (noting that Section 363(f) is written in the disjunctive and requires that only one of the conditions present be met). Furthermore, Section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code, permits a court to authorize the sale of a debtor's assets free

and clear of any liens, claims, encumbrances and other interests. *See, e.g.*, *In re White Motor Credit Corp.*, 75 B.R. 944, 948-49 (Bankr. N.D. Ohio 1987).

10.      Here, the requirements of Section 363(f) will be satisfied, and the Court should approve the sale of the Assets free and clear of all liens claims, encumbrances and other interests, and any liens shall attach only to the proceeds of the sale in the order of their priorities.  Section 363(f) will be satisfied because the Debtor's secured creditors will be paid in full from the proceeds of the sale.  Specifically, Debtor has the following secured creditors:

- Small Business Administration ("SBA"):  As of March 13, 2024, the Debtor owed the SBA approximately $550,806.75;

- EagleBank:    As of March 13, 2024, the Debtor owed EagleBank approximately $396,640.33;

- Cadence Bank:  Cadence Bank filed a proof of claim in the amount of $396,448.69.  With interest, the Trustee believes Cadence Bank is owed approximately $425,000.00.

11.      The Trustee believes the sales proceeds will also be sufficient to pay administrative claims of professionals, including the Trustee's fees, Transworld's fees, and the Trustee's accountants.

12.      In the exercise of his business judgment, the Trustee believes that this Court should approve the Sale to the Purchaser.

**WHEREFORE**, the Trustee respectfully requests that the Court:

(i)     enter an Order approving the Sale of substantially all of the Debtor's assets;

(ii)    enter the form of Order filed herewith, including a provision granting the Purchaser all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and

(iii)   grant such other and further relief as is just and equitable.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By:     /s/ Stephen A. Metz
        Stephen A. Metz, Esq. (Bar. No. 89738)
        7501 Wisconsin Avenue, Suite 1000W
        Bethesda, Maryland 20814
        TEL:   (240) 507-1723
        FAX:   (240) 507-1735
        Email: smetz@offitkurman.com

*Subchapter V Trustee*

Dated: May 13, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2024, a copy of this Motion and Proposed Order was served via CM/ECF on all registered ECF participants who have appeared in this case. On May 14, 2024, I served a copy of this Motion, via first class mail, postage prepaid, on all creditors on the Court's matrix.

/s/ Stephen A. Metz
Stephen A. Metz

4887-7059-8075, v. 1

5