IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In re:**<br><br>**Skin Logic, LLC,**<br><br>    **Debtor.** | **Case No. 23-11352-KHK**<br><br>**Chapter 11 – Subchapter V** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

 Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or, in the alternative, dismiss this case, whichever is in the best interests of the creditors and the estate.

 In support of this motion the following representations are made:

 1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

 2. This is a core matter.  28 U.S.C. § 157(b)(2)(A).

 3. On August 24, 2023, the Debtor filed this case under chapter 11 subchapter V of the Bankruptcy Code. Dkt. No. 1.

 4. Stephen Metz was appointed as the subchapter V trustee, and pursuant to an Order entered on September 27, 2023, subsequently was appointed as the operating subchapter V trustee.

 5. On March 11, 2024, the Debtor filed its First Amended Plan of Liquidation for Small Business Under Chapter 11.  Dkt. No. 96.

 6. On May 13, 2024, the subchapter V trustee filed a motion for entry of an order approving sale of substantially all of Debtor's assets ("Sale Motion").  Dkt. No. 119.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

7. The Sale Motion contemplates the sale of substantially all of the Debtor's assets for $2,000,000 to the stalking horse purchaser, Harprett Singh ("Purchaser").

8. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

9. On July 8, 2024, the subchapter V trustee sent an email stating that the stalking horse purchaser had withdrawn his offer to purchase the assets of the Debtor. The motion to sell is scheduled to be heard on July 30, 2024 at 12:00 p.m.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). As specifically enumerated in section 1112(b)(4) and present in this case, "cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

In this case, the Debtor's Plan is dependent on the liquidation of the assets of the estate. The Debtor is unlikely to confirm the Plan. The stalking horse purchaser withdrew his offer to purchase the assets of the Debtor, and no other offers have been submitted.

Additionally, there continues to be substantial losses to the estate. The monthly operating reports shows minimal net cash flow for a total of $17,068.77 in profit since the case was filed. However, the Debtor has been unable to pay its rent in full each month, and if factored in, the Debtor would not be profitable:

| Month | Filed By | Proj. Income | Act. Income | Expenses | Net |
|---|---|---|---|---|---|
| Aug. 2023 | Debtor | $32,736.77[1] | $13,291.44 | $18,186.48 | ($4,895.04) |
| Sept. 2023 | Trustee | $130,947.08[2] | $83,893.64 | $94,249.78 | ($10,356.14) |
| Oct. 2023 | Trustee | $130,947.08[3] | $100,449.14 | $87,840.37 | $12,608.77 |
| Nov. 2023 | Trustee | $124,000 | $121,613.62 | $98,110.47 | $23,503.15 |
| Dec. 2023 | Trustee | $123,650 | $101,502.06 | $108,715.44 | ($7,213.38) |
| Jan. 2024 | Trustee | $112,000 | $123,289.91 | $119,289.99 | $3,992.92 |
| Feb. 2024 | Trustee | $120,000 | $111,071.27 | $116,272.50 | $5,201.23 |
| Mar. 2024 | Trustee | $110,500 | $80,029.65 | $93,636.35 | ($13,606.70) |
| Apr. 2024 | Trustee | $105,836 | $99,437.99 | $91,604.03 | $7,833.96 |

The Debtor has not paid its full rent since the petition date and has only paid $12,000 towards its rent during three (3) months since the case was filed. Professional fees continue to accrue.

Further, as of the filing of this Motion, the Debtor has not filed its May 2024 operating report, which was due on June 21, 2024. The June report will become due on July 21.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re*

---

[1] The numbers listed are based on the Debtor's proposed budget which was filed at Docket No. 10 in support of the Cash Collateral request.
[2] See footnote 1.
[3] See footnote 1.

*Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate. Given the lack of a purchaser for the assets of the estate, and the continuing loss to the estate, the U.S. Trustee believes that dismissal of this case is appropriate. Conversion of this case to chapter 7 would not serve the creditors, as no sale has occurred under the subchapter V trustee. A chapter 7 trustee would have the same problems of trying to effectuate a sale of the assets while incurring additional professional fees to pursue same and to run the business during any sale period.

    WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

July 8, 2024

GERARD R. VETTER
ACTING U.S. TRUSTEE, REGION 4

By: */s/ Michael T. Freeman*
Michael T. Freeman
Virginia State Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
Michael.T.Freeman@usdoj.gov

**Certificate of Service**

      I hereby certify that on July 8, 2024, I electronically filed the foregoing Motion with the Clerk of the Court and served it on the parties listed below who are registered Users of the CM/ECF system, by the Notice of Electronic filing generated by the Court's ECF system:

Alan D. Eisler aeisler@e-hlegal.com, mcghamilton@gmail.com

Jack Frankel jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov; Robert.W.Ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

David William Gaffey dgaffey@whitefordlaw.com, clano@whitefordlaw.com

Lawrence Allen Katz lkatz@hirschlerlaw.com, chall@hirschlerlaw.com; aklena@hirschlerlaw.com

Stephen A. Metz smetz@offitkurman.com, MD71@ecfcbis.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

Benjamin P. Smith bsmith@shulmanrogers.com, ctremper@shulmanrogers.com; RParadis@shulmanrogers.com;kdiaz@shulmanrogers.com;sevans@shulmanrogers.com

Matthew J. Troy matthew.troy@usdoj.gov, USAVAE.ALX.ECF.CIVIL@usdoj.gov

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Gerard R. Vetter ustpregion04.ax.ecf@usdoj.gov

      I further certify that on July 8, 2024, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

| | |
|---|---|
| Bethany R Benes<br>BETHUNE BENES, PLLC<br>3975 Fair Ridge Drive<br>South Terrace, Suite 25C<br>Fairfax, VA 22033 | Valeria Gunkova<br>2 Pidgeon Hill Dr<br>Sterling, VA 20165 |

                                              */s/ Robert W. Ours*
                                               Robert W. Ours
                                               Paralegal Specialist