UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>SKIN LOGIC, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11352 (KHK) |

**HARRY KAMIN'S RESPONSE TO U.S. TRUSTEE'S**
**MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE**

Creditor Harry Kamin ("Mr. Kamin"), individually and derivatively on behalf of BNG Group LLC ("BNG Group, LLC"), by and through undersigned counsel, hereby files his Response to the U.S. Trustee's Motion to Convert or Dismiss Chapter 11 Case [Dkt. No. 132] (the "Conversion Motion") filed by Gerard R. Vetter, Acting United States Trustee for Region 4 (the "U.S. Trustee"). In support of his Response, Mr. Kamin states as follows:

**I.    PRELIMINARY STATEMENT**

In the Conversion Motion, the U.S. Trustee seeks conversion to chapter 7 or dismissal of the case of debtor Skin Logic, LLC ("Skin Logic") due to the lack of a purchaser for the assets of the estate and the continuing loss to the estate. The U.S. Trustee also indicates in the Conversion Motion that he believes dismissal of the case is the appropriate of the two options under 11 U.S.C. § 1112(b)(1). Mr. Kamin agrees with the U.S. Trustee that cause exists to convert the Skin Logic

Marc E. Albert, No. 26096
Tracey M. Ohm, No. 77150
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

Bethany R. Benes, No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Building, Suite 246
Fairfax, Virginia 22033
Tel.: (703) 260-9325
bbenes@bethunebenes.com

*Counsel for Harry Kamin*

case. However, Mr. Kamin believes that dismissal is <u>not</u> in the best interest of creditors and the estate of Skin Logic for the reasons set forth below.

## II.    BACKGROUND

1. BNG is a Virginia limited liability company whose sole business purpose is owning and leasing the commercial property located at 2 Pidgeon Hill Drive in Sterling, Virginia (the "Building"). Mr. Kamin and Valeria V. Gunkova ("Ms. Gunkova") each hold 50% Class A membership interest in BNG.

2. Ms. Gunkova is the Debtor in Case No. 23-11261-BFK and Defendant in Adv. Proc. No. 23-01062-BFK. Ms. Gunkova is also the romantic partner of Jacob G. Bogatin ("Mr. Bogatin").

3. Mr. Bogatin is the Debtor in Case No. 23-11157-BFK and Defendant in the case of *United States of America v. Jacob Bogatin, et al.*, Criminal No. 02-157, pending in the United States District Court for the Eastern District of Pennsylvania in which Mr. Bogatin was indicted by a grand jury on no less than forty-five (45) felony charges including (i) RICO conspiracy, (ii) wire fraud, (iii) mail fraud, (iv) securities fraud, (v) filing false reports with the SEC, (vi) falsification of books and records, (vii) money laundering conspiracy, (viii) and money laundering.

4. Skin Logic is a Virginia limited liability company that operates a spa and wellness clinic in the Building. Pursuant to its Lease with BNG, Skin Logic is required to pay rent of over $28,000 per month to BNG. Ms. Gunkova and Mr. Bogatin operate the spa together. Mr. Bogatin serves as Skin Logic's "Executive Consultant" and prior to the appointment of a Subchapter V Trustee, was responsible for maintaining the books, records, and financials of the company.

5. Mr. Kamin filed suit against Ms. Gunkova in March 2021 in the Loudoun County Circuit Court (the "Loudoun Case") after Ms. Gunkova continuously disregarded Mr. Kamin's management rights and shut him out of the operations of BNG.

2

6. Over the course of two years, Mr. Kamin uncovered information and documentation that revealed that Ms. Gunkova and Mr. Bogatin conspired to commit and did commit fraud against Mr. Kamin, including through Skin Logic. On June 16, 2023, the Court in the Loudoun Case granted Mr. Kamin leave to amend his claims to add Mr. Bogatin and Skin Logic (as well as Ms. Gunkova's two other companies, VNJ Management LLC and Sterling Investment LLC) to the Loudoun Case.

7. On July 14, 2023, Mr. Kamin filed a Motion for Sanctions and Spoliation in the Loudoun Case as a result of the intentional spoliation of evidence revealed in a forensic analysis of no less than 34 electronic devices turned over by Ms. Gunkova and Mr. Bogatin pursuant to the Loudoun Court's Order compelling Ms. Gunkova to do so.[1] On July 27, 2023, the Loudoun Court scheduled the Spoliation Motion for hearing. Five days later, on August 3, 2023, Ms. Gunkova filed her voluntary petition for bankruptcy in this Court (Case No. 23-11261-BFK), resulting in an automatic stay of the Loudoun Case (including the Motion for Sanctions and Spoliation).

8. On August 24, 2023, Skin Logic filed its petition for bankruptcy. Mr. Kamin timely filed a proof of claim against Skin Logic in his individual capacity, which has been designated as Claim No. 5.

9. Mr. Kamin also timely filed a proof of claim against Skin Logic derivatively on behalf of BNG, which has been designated as Claim No. 6 (the "BNG Proof of Claim"). The BNG Proof of Claim is based in part on prepetition rent owed for Skin Logic's leased premises in the Building.

---

[1] The issues of Ms. Gunkova and Mr. Bogatin's spoliation of evidence were ultimately heard by this Court on June 18, 2024, and June 24, 2024, as a result of Mr. Kamin's motion filed in Adversary Proceeding No. 23-01062-BFK. *See* Dkt. No. 53. On July 24, 2024, this Court issued a twenty (20) page Memorandum Opinion granting Mr. Kamin's Motion and entering default judgment against Ms. Gunkova due to the "egregiousness of [Ms. Gunkova's' conduct". The Court found that "Ms. Gunkova and her agents' actions were not just negligent, they were intentional." *See* Dkt. No. 104 in Adversary Proceeding No. 23-01062-BFK.

3

10. On September 13, 2023, the U.S. Trustee filed the United States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee Pursuant to 11 U.S.C. § 1185(a) [Dkt. No. 34] (the "Operating Trustee Motion"). In the Operating Trustee Motion, the U.S. Trustee explained that "[c]ause exists to appoint the subchapter V trustee to become the operating trustee in this case because the Debtor's owner, Valeria Gunkova, has conflicts of interest that are and will continue to interfere with her ability to fulfill her fiduciary duties to the Debtor, and the Debtor's fiduciary duties to the Estate." Operating Trustee Motion, ¶ 11, p. 3. Stephen Metz was subsequently appointed as the operating trustee of Skin Logic (the "Operating Trustee") pursuant to an order entered on September 27, 2023 [Dkt. No. 47].

11. On October 30, 2023, Mr. Kamin, individually and on behalf of BNG, filed an adversary proceeding against Ms. Gunkova seeking a determination of non-dischargeability under Section 523 of the Bankruptcy Code, which is pending as Adversary Proceeding No. 23-01062-BFK.

12. On November 20, 2023, Mr. Kamin, individually and on behalf of BNG, filed an adversary proceeding against Skin Logic seeking a determination of non-dischargeability under Section 523 of the Bankruptcy Code, which is Adversary Proceeding No. 23-01065-KHK.[2]

13. On November 22, 2023, Skin Logic filed its first Plan of Reorganization for Small Business Under Chapter 11 [Dkt. No. 63]. Numerous objections were filed to the Plan, and Skin Logic subsequently amended its Plan on March 11, 2024 [Dkt. No. 96].

---

[2] Skin Logic ultimately agreed to waive discharge of Mr. Kamin and BNG's claims by Order dated June 11, 2024 [Case No. 23-01065-KHK, Dkt. No. 127]. Likewise, Mr. Bogatin agreed to waive his discharge in connection with an adversary proceeding filed by the U.S. Trustee seeking denial of discharge under Section 727 of the Bankruptcy Code. [Case No. 23-11157-BFK, Dkt. No. 78; Adv. Proc. No. 23-01063-BFK].

14. Both the original Plan and the Amended Plan included a sale of Skin Logic's spa business. Broker Mark Irion and Transworld Business Advisors ("Transworld") were employed to assist in the sale. Transworld identified several potential purchasers of Skin Logic's assets, and the Operating Trustee met with and communicated with multiple potential purchasers.

15. On May 13, 2024, the Operating Trustee filed a motion for entry of an order approving the sale of substantially all of the Debtor's assets on May 13, 2024 [Dkt. No. 119] (the "Sale Motion"). The Sale Motion was based on an offer by Harpreet Singh ("Purchaser Singh") to buy Skin Logic's business for $2,000,000.

16. On July 8, 2024, the U.S. Trustee filed the Conversion Order after learning that Purchaser Singh had withdrawn his offer to purchase the Skin Logic business, and no other offers were forthcoming.

17. Since then, Ms. Gunkova and Skin Logic contend that Purchaser Singh has reengaged and plans to submit a revised offer to purchase Skin Logic.

### III.    CONVERSION IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE

18. Mr. Kamin supports the U.S. Trustee's argument in the Conversion Motion that cause exists for conversion of Skin Logic's bankruptcy case under 11 U.S.C. § 1112(b)(4) due to the continuing losses to the estate and the absence of a reasonable likelihood of rehabilitation and incorporates those arguments in this Response. Conversion Motion, p. 2 – 3.

19. Once cause is established, the Court looks to whether conversion or dismissal is appropriate. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 242 (4th Cir. 1994).

20. Conversion or dismissal is governed by § 1112(b) of the Bankruptcy Code. Subsection (b)(1) makes clear that the court is guided by "whichever is in the best interest of creditors and the estate." The court "must choose the alternative that would be most advantageous to the parties and the estate as a whole." *Lakefront Inv'rs, LLC v. Clarkson*, 484 B.R. 72, 83 (D.

5

Md. 2012). Notably, the best interest of the debtor is not a factor to be considered. *Lakefront Inv'rs* at 84-86.

21. Courts have looked to guidance from the bankruptcy treatise *Colliers on Bankruptcy* ("*Colliers*") when considering the creditors' and estate's best interests. *See Askri v. Fitzgerald*, 612 B.R. 500 (E.D. Va. 2020) (citing *Lakefront Inv'rs, LLC v. Clarkson*, 484 B.R. at 83). Among the ten factors that *Colliers* lists for consideration[3] is "whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests." *Lakefront Inv'rs, LLC v. Clarkson*, 484 B.R. at 83 (citing *Colliers* § 1112.04[7]). "Lack of trust" in the debtor is an important factor to be considered. *Id* at *86.*

22. Mr. Kamin opposes dismissal of the Skin Logic bankruptcy case. Here Mr. Kamin supports conversion, rather than dismissal, of the Skin Logic case because conversion is in the best interest of creditors and the estate.

23. First, the conflicts of interest that caused the U.S. Trustee to file the Operating Trustee Motion remain. *See Lakefront Inv'rs, LLC v. Clarkson*, 484 B.R. at 86 (finding that "[l]ack of trust in the debtor is an important factor in the comparison of the creditors' interests in bankruptcy with those under state law, since dismissal of the cases would grant the Debtors, who

---

[3] The Court in *Lakefront Investors* explained:

> In fashioning the appropriate remedy, Colliers lists the following ten factors as criteria that a court may consider: (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of the creditors; (5) in assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset;" (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan had been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns."

484 B.R. at 82 (citing *Colliers* § 1112.04[7]).

6

were previously found to be mismanaging their estate, control over their case."). Yet dismissal would allow Ms. Gunkova, together with her partner Mr. Bogatin, to regain full control of Skin Logic's business and assets with no oversight as to their actions, and as a result no creditor would benefit from dismissal.

24. Skin Logic submitted itself to the jurisdiction of the Bankruptcy Court and has enjoyed its protections for more than 11 months. While Ms. Gunkova and Mr. Bogatin have continued to receive income from Skin Logic as a result of each's employment by Skin Logic during the pendency of this bankruptcy action, Skin Logic has operated at a loss at the expense of creditors. Although creditors consented for a period of time to allow efforts by the Operating Trustee to effectuate a sale of the business, a dismissal of the case at this stage would condone the improper use of the bankruptcy process as a stall tactic by Skin Logic.

25. Mr. Kamin's claims in this Court involve gross mismanagement and fraud by Ms. Gunkova, Mr. Bogatin, and Skin Logic. The lack of trust is not limited to Mr. Kamin. Several other creditors share the same concern with regard to Skin Logic (including Ms. Gunkova and Mr. Bogatin as its operators). This Court's findings as to Ms. Gunkova and Mr. Bogatin's intentional spoliation of evidence on July 24, 2024, further support this Court retaining its jurisdiction to ensure Skin Logic remains under the supervision of the Court and a trustee.

26. Another factor offered by *Colliers* for consideration is "whether the debtor would simply file a further case upon dismissal." *Id.* at 82. *See also Askri v. Fitzgerald*, 612 B.R. at 505 (considering this factor weighing in favor of conversion). Ms. Gunkova has already filed bankruptcy for herself, Skin Logic, and two other solely-owned entities.[4] BNG's claims against

---

[4] *See In re Sterling Investment LLC*, Case No 23-11203(KHK), and *In re VNJ Management LLC*, Case No. 23-11204 (BFK).

Skin Logic include Skin Logic's failure to pay prepetition monthly rent – the last full monthly rent payment made by Skin Logic being in December 2020. There is little to no hope that Skin Logic will pay its required rent payments to BNG if Skin Logic is returned to Ms. Gunkova's control. As a result, further litigation will be necessary, and with Ms. Gunkova and Mr. Bogatin in control of Skin Logic's defenses to such litigation, any settlement or reasonable resolution to the rent issue will be protracted and expensive. Although dismissal would allow creditors to move forward with their state court remedies, including for example an action by BNG to evict Skin Logic from the Building, it could result in a repeat filing before any relief was obtained in state court only for creditors to learn that the estate's assets have been dissipated by Skin Logic's principal in the meantime.

27. Instead, conversion will ensure that no further harm is suffered by the creditors and the estate at the hands of Ms. Gunkova and Mr. Bogatin. Conversion will allow for an expeditious determination of whether there is equity in the estate, and if so, the chapter 7 trustee can liquidate the assets of the estate, including pursuing the potential renewed sale of the business to Purchaser Singh or any other potential purchaser that the chapter 7 trustee may be able to identify. The chapter 7 trustee would oversee distributions to the creditors of the estate to ensure any sale proceeds are properly dispersed and that Ms. Gunkova and Mr. Bogatin are unable to siphon away the funds to themselves or other related entities as they have done in the past.

28. Dismissal is also an inferior remedy because creditors could benefit from the tools provided by the Bankruptcy Code in order to maximize the value of the assets. For example, the Bankruptcy Code's "strong arm" powers might be employed to recover transfers that were preferential or fraudulent. In addition, this Court's ability to quickly and efficiently resolve disputes may bring swift resolution to the issue of "prepaid rent" credit claimed by Skin Logic that

8

neither the Operating Trustee nor BNG Chief Restructuring Office Angela Shortall have been able to verify.

WHEREFORE, Harry Kamin requests that the Conversion Motion be granted by converting the bankruptcy case of Skin Logic to a case under chapter 7 of the Bankruptcy Code, and for such other and further relief as the Court deems just and proper.

Dated: July 26, 2024

Respectfully submitted,

/s/ Tracey M. Ohm
Marc E. Albert, No. 26096
Tracey M. Ohm, No. 77150
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

and

Bethany R. Benes, No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Building Suite 246
Fairfax, Virginia 22033
Tel.: (703) 260-9325
bbenes@bethunebenes.com

*Counsel for Harry Kamin*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, a copy of the foregoing Response was filed and served via the Court's Electronic Filing System on all parties receiving such notification as follows:

- Marc E. Albert    marc.albert@stinson.com, dc05@ecfcbis.com; porsche.barnes@stinson.com; malbert@ecf.epiqsystems.com; joshua.cox@stinson.com

- Alan D. Eisler    aeisler@e-hlegal.com, mcghamilton@gmail.com

- Jack Frankel    jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov; Robert.W.Ours@usdoj.gov

- Michael T. Freeman    michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

- David William Gaffey    dgaffey@whitefordlaw.com, clano@whitefordlaw.com

- Lawrence Allen Katz    lkatz@hirschlerlaw.com, chall@hirschlerlaw.com; aklena@hirschlerlaw.com

- Stephen A. Metz    smetz@offitkurman.com, MD71@ecfcbis.com

- Tracey Michelle Ohm    tracey.ohm@stinson.com, porsche.barnes@stinson.com

- Benjamin P. Smith    bsmith@shulmanrogers.com, ctremper@shulmanrogers.com; RParadis@shulmanrogers.com; kdiaz@shulmanrogers.com; sevans@shulmanrogers.com

- Matthew J. Troy    matthew.troy@usdoj.gov, USAVAE.ALX.ECF.CIVIL@usdoj.gov

- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

- Gerard R. Vetter    ustpregion04.ax.ecf@usdoj.gov

/s/ Tracey M. Ohm
Tracey M. Ohm

CORE/3529060.0002/191335037.1