# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| In re:<br><br>**SKIN LOGIC, LLC,**<br><br>Debtor. | Case No. 23-11352-KHK<br>Chapter 11 |
| **ANGELA SHORTALL, CHIEF RESTRUCTURING OFFICER FOR BNG GROUP, LLC,**<br><br>Movant,<br><br>v.<br><br>**SKIN LOGIC, LLC,**<br><br>Defendant. | |

## CHIEF RESTRUCTURING OFFICER FOR BNG GROUP LLC'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Angela Shortall (the "**CRO**"), the chief restructuring officer for BNG Group LLC ("**BNG**"), by counsel, pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, (the "**Bankruptcy Code**"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001(a)-1 of the Local Bankruptcy Rules, hereby moves for relief from the automatic stay (the "**Motion**") to exercise BNG's rights with respect to a Deed of Lease (the "**Lease**"), under which Skin Logic, LLC (the "**Debtor**") occupies the

Lawrence A. Katz (VA Bar No. 47664)
Allison P. Klena (VA Bar No. 96400)
Hirschler Fleischer, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  703-584-8362
Facsimile:  703-584-8901
Email:  lkatz@hirschlerlaw.com
         aklena@hirschlerlaw.com

*Counsel for the Chief Restructuring Officer*

premises located at 2 Pidgeon Hill Drive, Sterling, Virginia (the "**Premises**"). In support of the Motion, the CRO respectfully states as follows:

## JURISDICTION AND VENUE

1. This Motion is filed pursuant to section 362(d) of the Bankruptcy Code, Rule 4001(a) of the Bankruptcy Rules, and Rule 4001(a)-1 of the Local Bankruptcy Rules.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND

A. <u>The Lease</u>

4. By Deed of Lease dated February 25, 2013, the Debtor entered into the Lease to occupy the Premises.

5. On October 30, 2020, BNG acquired the Premises. The Lease, as amended and assigned, is presently by and between the Debtor and BNG. True and correct copies of the Lease and its two amendments, as maintained by BNG, are attached as **<u>Exhibit A</u>**.

6. The Lease provides, in relevant part, that "tenant shall pay Landlord the Total Basic Rent for the Initial Term or any Additional Term thereafter, **without any deductions or set-offs**,…" Lease ¶ 4.1 (emphasis added). Likewise, paragraph 7 of the Second Amendment to Office Lease Agreement, dated March 17, 2017 states that "[a]ll Rent shall be paid to Landlord in monthly installments **without offset or deduction**. . . ." (emphasis added).

7. The Debtor is currently in default under the Lease, both as to prepetition rent due and post-petition administrative rent due. *See* Declaration of Angela Shortall (the "**Shortall Decl.**") ¶¶ 5-15, attached hereto as **<u>Exhibit B</u>**. From October 30, 2020 through the Petition Date (as defined below), total rent due under the lease was $920,429. Shortall Decl. ¶ 6. During this

period, the Debtor made two traditional lease payments totaling $53,460, leaving a prepetition balance due, without consideration of late fees and interest, of $866,969.[1]  Shortall Decl. ¶ 8.  After the Petition Date, the Debtor failed to pay any of the stub rent owed for the post-petition portion of the month of August 2023, or any portion of the rent due for September 2023 or October 2023. Shortall Decl. ¶ 10.  It was not until December 2023 that the Debtor made a partial payment of the rent due for November 2023, and, as of October 31, 2024, the Debtor has to date paid only $48,000 towards its post-petition lease obligation, leaving an outstanding post-petition rent deficiency of $347,342, exclusive of interest and late fees.  Shortall Decl. ¶ 12.

B. The Bankruptcy Cases

8. On August 24, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing the above-captioned case (the "**Bankruptcy Case**").

9. Three weeks prior to the Petition Date, on August 3, 2023, Valeria V. Gunkova ("**Ms. Gunkova**"), the Debtor's principal, filed her own voluntary petition under chapter 11 of the Bankruptcy Code in this Court, commencing Case No. 23-11261-BFK (the "**Gunkova Case**").

10. Ms. Gunkova holds a 50% interest in BNG, which interest is now an asset of Ms. Gunkova's bankruptcy estate.

11. On October 26, 2024, Ms. Gunkova filed an application to employ Ms. Shortall as the chief restructuring officer of BNG [Gunkova Case, Docket No. 122], and on November 9, 2023, this Court entered an Order appointing Ms. Shortall as CRO [Gunkova Case, Docket No. 143].

---

[1] Throughout the prepetition period, there were substantial transfers between BNG and the Debtor which the Debtor has asserted should be included in the calculation of rent credits available to off-set rents due.  BNG disputes the Debtor's calculation of the alleged rent credits.

12. On September 13, 2023, the Office of the United States Trustee moved to remove the Debtor from possession and for the appointment of Stephen A. Metz, the subchapter V trustee (the "**Trustee**"), to serve as the operating trustee of the Debtor's bankruptcy estate [Docket No. 34], and on September 27, 2023, this Court appointed Mr. Metz as Operating Trustee and removed the Debtor as debtor in possession.

13. On November 22, 2023, the Debtor proposed its *Plan of Reorganization for Small Business Under Chapter 11* [Docket No. 63] (the "**Original Plan**"). The Original Plan contained numerous defects and was on its face unconfirmable.

14. On March 11, 2024, the Debtor proposed its *First Amended Plan of Liquidation for Small Business under Chapter 11* [Docket No. 96] (the "**Amended Plan**"). The hearing to consider confirmation of the Amended Plan is scheduled for November 19, 2024. However, as set forth in the objections filed by the CRO [Docket No. 110], Harry Kamin [Docket No. 111], and the Office of the United States Trustee [Docket No. 112], the Amended Plan is likewise unconfirmable because, among other things, it provides for the Debtor to assume the Lease but contains no details regarding the Debtor's ability to pay the substantial prepetition and post-petition arrears under the Lease.

15. On July 18, 2024, the Trustee filed a *First Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 130], which identified the Lease as an unexpired lease that the Trustee could potentially assume and assign.

16. To date, the Lease has not been assumed, and on information and belief, the Trustee's efforts to market and sell the Debtor's business remain ongoing.

**ARGUMENT**

17. The CRO seeks relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code. Section 362(d) states, in relevant part:

4

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization. . . .

11 U.S.C. § 362(d).

18. Thus, under section 362(d)(1) of the Bankruptcy Code, the Court shall grant relief from the automatic stay upon a showing of cause. The Bankruptcy Code does not define "cause" and "there is no rigid test for determining whether sufficient cause exists to modify the automatic stay." *In re Meredith*, 337 B.R. 574, 577 (Bankr. E.D. Va. 2006); *see also In re JKJ Chevrolet, Inc.*, 190 B.R. 542 (Bankr. E.D. Va. 1995). The determination of whether "cause" exists must be made on a case-by-case basis, and is within the discretion of the bankruptcy court. *See In re Meredith*, 337 B.R. at 577 (citing *In re Robinson*, 169 B.R. 356 (Bankr. E.D. Va. 1994)).

19. Cause exists to lift the automatic stay to permit BNG to enforce its rights under the Lease. The Bankruptcy Case has been pending for over one (1) year. During that time, the Debtor has been in default of both its prepetition and post-petition rent obligations, and it has incurred significant post-petition arrears of $347,342.

20. No attempt has been made to satisfy BNG's post-petition administrative rent claim. At this juncture, it is clear that the Debtor has no ability to become current on its substantial administrative rent obligations. The only source of funding to cure the pre- and post-petition rent defaults is an assignment of the Lease to a third party. While the Trustee is working diligently to negotiate such an assignment of the Lease to potential assignees, there is no guarantee that he will

be successful in these efforts. In the meantime, the Debtor continues to occupy the Premises and BNG is required to continue underwriting the Debtor's operations.

21. BNG will incur substantial hardship if relief from stay is not granted. This Bankruptcy Case has been pending for almost fourteen (14) months, and the Debtor has not filed a remotely confirmable plan, shown any ability to reorganize, or proposed a realistic plan for liquidation that would provide meaningful distributions to creditors such as BNG. BNG has and will continue to be substantially prejudiced if relief from stay is not granted so that it may exercise the rights available to it. In contrast, the Debtor will not be prejudiced because, absent an assumption and assignment of the Lease to a third party that has the ability to cure the existing default, it has no possibility of reorganization and holds no equity in the Premises.

22. Unless and until the administrative rent payments are forthcoming or the Trustee succeeds in his efforts to negotiate an assignment of the Lease to a creditworthy third-party, cause exists to grant relief from the automatic stay to permit the CRO, on behalf of BNG, to enforce its rights under the Lease.

23. The CRO reserves the right to supplement this Motion should additional grounds for relief from the automatic stay materialize.

**NOTICE**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS 14-DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE 14- DAY PERIOD.**

## CONCLUSION

WHEREFORE, based on the foregoing, the CRO submits that cause exists to grant BNG relief from the automatic stay and respectfully requests entry of an order entry of an order (i) granting BNG relief from the automatic stay in order to enforce its rights under the Lease; and (ii) granting such other and further relief to the CRO as this Court may deem just and proper.

Dated: November 5, 2024   Respectfully submitted,

*/s/ Lawrence A. Katz*
Lawrence A. Katz (VA Bar No. 47664)
Allison P. Klena (VA Bar No. 96400)
Hirschler Fleischer, PC
1676 International Drive, Suite 1350
Tysons, VA 22102
Telephone:  703-584-8362
Facsimile:  703-584-8901
Email:  lkatz@hirschlerlaw.com
         aklena@hirschlerlaw.com

*Counsel for Chief Restructuring Officer*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November, 2024, a true and correct copy of the foregoing *Chief Restructuring Officer for BNG Group LLC's Motion for Relief From the Automatic Stay* was served on all parties receiving CM/ECF notices in this case, and by U.S. Mail, first class, postage prepaid, on and on each of the parties on the attached Mailing List.

*/s/ Lawrence A. Katz*
Lawrence A. Katz

## MAILING LIST

American Express
P.O. Box 650448
Dallas, TX 75265-0448

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

BNG Group, LLC
2 Pidgeon Hill Dr. Ste. 110
Sterling, VA 20165-6129

Bethune Benes, PLLC
c/o Bethany Benes, Esq.
3975 Fair Ridge Drive, South Bldg
Suite 246
Fairfax, VA 22033-2911

Cadence Bank
1068 E Alameda Dr
Houston, TX 77075

Cadence Bank
c/o The Stark Firm|
3017 Bolling Way NE
Atlanta, GA 30305-2205

Cameron/ McEvoy
4100 Monument Corner Drive
Suite 420
Fairfax, VA 22030-8610

Capital One
PO Box 71087
Charlotte, NC 28272-1087

Capital One N.A. by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Citi
P.O. BOX 9001037
Louisville, KY 40290-1037

Discover
PO Box 6103
Carol Stream, IL 60197-6103

Discover Bank
P.O. Box 3025
New Albany, Oh 43054-3025

IRS
Special Procedures Support Staff
P. O. Box 10025
Richmond, VA 23240

Internal Revenue Service
P O box 7346
Philadelphia, PA 19101-7346

Lexus Financial Services
5005 N River Blvd NE
Cedar Rapids, IA 52411-6634

SBA
409 3rd Street, SW
Washington, DC 20416-0005

Skin Logic, LLC
2 Pidgeon Hill Dr. Ste. 110
Sterling, VA 20165-6129

State Farm
US Bank
P O Box 790408
St Louis, MO 63179-0408

Sterling Investment, LLC
2 Pidgeon Hill Dr. Ste. 110
Sterling, VA 20165-6129

TD Bank
PO Box 100114
Columbia, SC 29202-3114

TD Bank, N.A.
PO BOX 1931
Burlingame, CA 94011-1931

The Law Office of Jay M. McDannell PLLC
10617 Jones St, #301A
Fairfax, VA 22030-7505

Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

| | |
|---|---|
| VNJ Management | Verizon by American InfoSource as agent |
| 2 Pidgeon Hill Drive Suite 110 | 4515 N Santa Fe Ave |
| Sterling, VA 20165-6129 | Oklahoma City, OK 73118-7901 |

17759023.4  049116.00001