Stephen A. Metz (89738)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **SKIN LOGIC, LLC** | ) | |
| | ) | **Case No. 23-11352-KHK** |
| | ) | **Chapter 11** |
| **Debtor** | ) | **(Subchapter V)** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### SUBCHAPTER V TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS

Stephen A. Metz, Subchapter V trustee (the "Trustee") for Skin Logic, LLC ("Debtor"), hereby moves this Court for the entry of an Order approving the sale of substantially all of the Debtor's assets to Dr. Leila Kump or designated assignee Aria Elite LLC (the "Sale"), and states as follows:

1.      On August 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code initiating this case.

2.      On September 27, 2023, the Court entered an Order Granting the Acting United States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee Pursuant to 11 U.S.C. § 1185(a).

3.      The Debtor is a Virginia corporation with its principal place of business at 2 Pidgeon Hill Drive, Sterling, Virginia 20165. The Debtor trades as Aria Medi Spa, operating a premiere day spa.  The Debtor provides services ranging from advanced laser treatments to yoga

classes, all the while furnishing a topnotch massage therapy menu in a relaxed and inviting environment.

4.      Prior to the Petition Date, the Debtor began marketing its assets for sale.  Prior to the Petition Date, the Debtor worked with a broker, Mark Irion of Transworld Business Advisors of Richmond VA ("Transworld").  On December 28, 2023, the Trustee filed an Application for Authority to Employ Mark Irion and Transworld Business Advisors of Richmond VA as Broker to the Estate (the "Application to Employ Transworld"), and on January 2, 2024, the Court entered an Order granting the Application to Employ Transworld.

5.      Transworld identified several potential purchasers of the Debtor's assets, and the Trustee met with and communicated with multiple potential purchasers.

6.      The Trustee has determined in his business judgment that the most likely highest recovery for creditors will be through the sale of substantially all of Debtor's assets.

7.      On May 13, 2024, the Trustee filed another Motion for Entry of an Order Approving Sale of Substantially All of Debtor's Asset [Doc. 119] (the "Singh Sale Motion"), and a Sales Procedures Motion [Doc. 117].  On June 13, 2024, the Court entered an Order (A) Establishing Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets; (B) Approving Assumption and Assignment Procedures; and (C) Scheduling an Auction and a Sale Hearing [Doc. 129] (the "Sales Procedures Order").  In the Singh Sale Motion, the Trustee proposed to sell Debtor's assets to Harpreet Singh for $2,000,000 and attached a term sheet.  When the Trustee filed the Singh Sale Motion, Harpreet Singh had not executed a formal asset purchase agreement.  Subsequently, Harpreet Singh decided not to proceed with the purchase of the Debtor's assets, after numerous communications between Mr. Singh (directly and through counsel and Trustee's broker) and the Trustee.  Indeed, until just a few weeks prior

to the filing of the instant Motion, Mr. Singh stated his intention to purchase the Debtor's asset

for $1,700,000 subject to the execution of an asset purchase agreement.

8.      On June 18, 2024, the Trustee filed the First Notice to Counterparties to

Potentially Assumed Executory Contracts and Unexpired Leases [Doc. 130] (the "First

Assumption Notice"), pursuant to which the Trustee gave notice of the potential assumption and

assignment of Debtor's non-residential real property lease with BNG Group, LLC.  Therein, the

Trustee stated that the Original Lease will be amended by an Amended and Restated Deed of

Lease, and that the Trustee shall cure any monetary defaults pursuant to an agreement to be

reached between BNG Group, LLC and the Trustee.

9.      On July 3, 2024, the Trustee filed the Second Notice to Counterparties to

Potentially Assumed and Executory Contracts and Unexpired Leases [Doc. 131] (the "Second

Assumption Notice"), pursuant to which the Trustee gave notice of the potential assumption and

assignment of executory contracts with The Elex Group, LEAF Commercial Capital, MindBody

Processing and Accupay Payroll.  With respect to The Elex Group, the Second Assumption

Notice stated that all amounts due but unpaid shall be paid at the closing of any sale approved by

the Court.  The Second Assumption Notice stated that the other executory contracts had a $0.00

cure.

10.     Attached hereto as Exhibit A is an executed Asset Purchase Agreement dated

November 8, 2024 (the "APA") with Dr. Leila Kump or designated assignee Aria Elite LLC (the

"Purchaser").  Purchaser proposes to purchase substantially all of the Debtor's assets for

$1,150,000.00.

**Argument**

11.     Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." To obtain court approval to use property under § 363(b) of the Bankruptcy Code, the Trustee need only show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 993 F.2d 513, 515 (7th Cir. 1991)); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (7th Cir. 1983) (same).

12.     Pursuant to Section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property "free and clear of any interest in such property of an entity other than the estate" if any of the following conditions is satisfied:

>   (a)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
>   (b)     such entity [holding an interest] consents;
>
>   (c)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property;
>
>   (d)     such interest is in bona fide dispute; or
>
>   (e)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See WBQ Partnership v. Virginia Dep't of Medical Assistance Services (In re WBQ Partnership)*, 189 B.R. 97, 101 (Bankr. E.D. Va. 1995) (noting that Section 363(f) is written in the disjunctive and requires that only one of the conditions present be met). Furthermore, Section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code, permits a court to authorize the sale of a debtor's assets free

and clear of any liens, claims, encumbrances and other interests. *See, e.g.*, *In re White Motor Credit Corp.*, 75 B.R. 944, 948-49 (Bankr. N.D. Ohio 1987).

13.     Here, the Trustee believes the requirements of Section 363(f) will be satisfied, and the Court should approve the sale of the Assets free and clear of all liens claims, encumbrances and other interests, and any liens shall attach only to the proceeds of the sale in the order of their priorities.  The Trustee believes the Debtor's secured creditors will either be paid in full and/or consent to the proposed sale.  The Trustee has communicated with counsel for all three of the secured creditors and expects to reach an agreement with them concerning their respective treatment as secured (or unsecured) creditors, including potential carve-outs for the payment of administrative claims and for unsecured creditors.  Debtor has the following secured creditors:

- Small Business Administration ("SBA"):  The SBA is owed approximately $565,000.00;

- EagleBank:  As of November 7, 2024, the Debtor owed EagleBank $414,206.95;

- Cadence Bank:  Cadence Bank filed a proof of claim in the amount of $396,448.69.  With interest, the Trustee believes Cadence Bank is owed approximately $400,000.00.

14.     As of the filing of this Motion, the following administrative professional fees have been incurred: (i) The Trustee has billed hourly fees of approximately $88,000.00; (ii) SPS Consulting LLC (Trustee's accountant) has billed hourly fees of approximately $24,000.00; (iii) Bassman, Adelman & Weiss, P.C. (Trustee's tax accountant) has billed hourly fees of approximately $3,630.50; and (iv) On a sale of $1,150,000.00, Transworld Business Advisors of Richmond VA (Trustee's broker) will be entitled to a commission of $112,000.00.

15.     In the exercise of his business judgment, the Trustee believes that this Court should approve the Sale to the Purchaser.

16.     In conjunction with the Sale, the Trustee also seeks approval to assume and assign the leases and executory contracts, as set forth in the First Assumption Notice and Second Assumption Notice.

**WHEREFORE**, the Trustee respectfully requests that the Court:

(i)     enter an Order approving the Sale of substantially all of the Debtor's assets;

(ii)     enter the form of Order filed herewith, including a provision granting the Purchaser all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and

(iii)     grant such other and further relief as is just and equitable.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By:     /s/ Stephen A. Metz
        Stephen A. Metz, Esq. (Bar. No. 89738)
        7501 Wisconsin Avenue, Suite 1000W
        Bethesda, Maryland 20814
        TEL:   (240) 507-1723
        FAX:   (240) 507-1735
        Email: smetz@offitkurman.com

        *Subchapter V Trustee*

Dated: November 15, 2024

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of November, 2024, a copy of this Motion and Proposed Order was served via CM/ECF on all registered ECF participants who have appeared in this case.  On November 15, 2024, I served a copy of this Motion, via first class mail, postage prepaid, on all creditors on the Court's matrix, and on:

The Elex Group, Inc.
PO Box 14
Medford, NJ 08055

Michael Lichtenstein, Esq.
Shulman Rogers
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
*Counsel for EagleBank*

LEAF Commercial Capital, Inc.
2005 Market St.
Philadelphia, PA 19103

MindBody Processing
651 Tank Farm Rd.
San Luis Obispo, CA 93401

Accupay Payroll
50 S. Penn St. #5A
Hatboro, PA 19040

<u>/s/ Stephen A. Metz</u>
Stephen A. Metz

4868-5226-0343, v. 2

7