Stephen A. Metz (89738)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **SKIN LOGIC, LLC** ) | |
| ) | **Case No. 23-11352-KHK** |
| ) | **Chapter 11** |
| **Debtor** ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ORDER APPROVING ASSET PURCHASE
AGREEMENT, AUTHORIZING SALE OF ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS AND APPROVING ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES**

Upon the motion (the "Sale Motion")[1] filed by Stephen A. Metz, Subchapter V trustee (the "Trustee") for Skin Logic, LLC (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to, *inter alia,* (i) enter into that certain asset purchase agreement between Dr. Leila Kump or designated assignee Aria Elite LLC (the "Purchaser") and the Trustee in substantially the form filed with the Court on November 15, 2024 (the "Agreement"); and (ii) sell substantially all of the assets of the Debtor (the "Acquired Assets") free and clear of all Liens, Claims, Encumbrances and Interests (as defined hereinafter) pursuant to the terms of the Agreement; and the Court having jurisdiction to consider the Sale

---

[1] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Sale Motion and the Agreement.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Sale Motion, the relief requested therein, and the responses thereto being a core proceeding in accordance with 28 U.S.C. § 157(b); and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case, including the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Property to be sold, transferred or conveyed pursuant to the Agreement, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Sale Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  The Property constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

E.  The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are (i) sections 105, 363 and 365 of the

2

Bankruptcy Code, and (ii) Bankruptcy Rules 2002 and 6004.

    F.  On August 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    G.  Proper, timely, adequate and sufficient notice of the Sale Motion, the Auction and the Sale Hearing have been provided in accordance with section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004. Such notice was appropriate under the particular circumstances, and all creditors and other interested parties have had a reasonable opportunity to object and be heard.

    H.  The Trustee has demonstrated good and sufficient cause for the sale of the Property to the Purchaser in accordance with the terms of the Agreement, and such sale is supported by the Trustee's sound business judgment and is in the best interest of the Debtor's estate and its creditors.

    I.  The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Debtor's estate pursuant to the Agreement, (i) is the highest and best offer received by the Trustee; (ii) is fair and reasonable; (iii) is in the best interests of the Debtor's creditors and estate; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Property; and (v) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

    J.  The Purchaser is a "good faith purchaser" within the meaning of the Bankruptcy Code and the decisions thereunder, and is entitled to all of the protections of section 363(m) of the Bankruptcy Code. The Agreement was negotiated and entered into at arm's length and in good faith and without collusion or fraud of any kind. Neither the Trustee nor the

3

Purchaser has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code. In the absence of a stay pending appeal of this Order, the Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement at any time after the entry of this Order.

K. The Purchaser is not a successor in interest to the Debtor or the Debtor's bankruptcy estate, and the Purchaser should not have any successor or transferee liability for any obligations or liabilities of the Debtor or the Debtor's bankruptcy estate as a result of the purchase of the Acquired Assets.

L. The Trustee has full power and authority to execute the Agreement and all other documents contemplated thereby. No consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Trustee to consummate such transactions.

M. The terms and conditions of the Agreement, including the consideration to be realized by the Debtor's estate pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interest of the Debtor's estate.

N. Except as may be otherwise expressly provided in the Agreement or this Order, the Property shall be sold, and the Purchaser shall take title to the Property, free and clear of all liens (including but not limited to any mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), claims (including but not limited to any "claim" as defined in Section 101(5) of the Bankruptcy Code), claims for reclamation, reimbursement, contribution, indemnity and/or exoneration, claims for costs, fees and/or expenses, causes of action, rights of recovery, debts, liabilities (including but not limited to any alter-ego liabilities, environmental liabilities, product liabilities, successor liabilities, transferee liabilities and tax

4

liabilities), encumbrances, security interests, mortgages, deeds of trust, assignments, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, rights of offset, rights of recoupment, rights of recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, and all interests of whatsoever nature, character or kind, to the fullest extent of the law, whether known or unknown, disclosed or undisclosed, anticipated or unanticipated, asserted or unasserted, scheduled or unscheduled, noticed or unnoticed, filed or unfiled, direct or indirect, material or non- material, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, disputed or undisputed, choate or inchoate, secured or unsecured, recorded or unrecorded, perfected or unperfected, allowed or disallowed, whether arising prior to, on or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, "Liens, Claims, Encumbrances and Interests"), with such Liens, Claims, Encumbrances and Interests to attach to the consideration to be received by the Trustee in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and the Purchaser would not enter into the Agreement to purchase the Property otherwise.

      O.    The transfer of the Property to the Purchaser is a legal, valid and effective transfer of the Property, and shall vest the Purchaser with all right, title and interest of the Debtor and the Debtor's estate to the Property free and clear of any and all Liens, Claims, Encumbrances and Interests. Except as may be expressly provided in the Agreement or this Order, the Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Property being sold by the Trustee. All persons having Liens, Claims, Encumbrances and Interests of whatsoever nature, character or kind against or in any of the Debtor, the Debtor's

5

estate and/or the Property shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances and Interests against the Purchaser, the Purchaser's successors or assigns, the Property and/or any other assets of the Purchaser or its successors or assigns.

P.      The Trustee may sell the Property free and clear of all Liens, Claims, Encumbrances and Interests because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.

Q.      The Debtor's assumption and assignment of the executory contract(s) and unexpired leases identified in the Motion (i) is fair and reasonable, (ii) is supported by the Debtor's sound business judgment, and (iii) is in the best interests of the Debtor's estate and its creditors.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein. Any objections to the Sale Motion that have not been withdrawn, waived or settled are hereby overruled.

2.      The sale of the Property, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects. The Trustee is hereby authorized and empowered to sell the Property to the Purchaser in accordance with the terms and conditions of the Agreement and, in connection therewith, is authorized and empowered to execute and deliver such documents and instruments as are necessary or appropriate to effectuate the sale of the Property and the transactions contemplated by the Agreement.

3.      The sale of the Property and the consideration provided by the Purchaser

under the Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

4. The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. In the absence of a stay pending appeal of this Order, the Purchaser shall be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Purchase Agreement at any time after the entry of this Order.

5. Effective as of the Closing, the sale of the Property to the Purchaser shall constitute a legal, valid and effective transfer of the Property notwithstanding any requirement for approval or consent by any person and vests the Purchaser with all right, title and interest of the Debtor and the Debtors' estates in and to the Property.

6. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Property to the Purchaser shall be free and clear of all Liens, Claims, Encumbrances and Interests of whatsoever nature, character or kind, and any Liens, Claims, Encumbrances and Interests shall attach to the proceeds of the sale in the order of their priorities, subject to the rights and defenses, if any, of the Debtor, the Debtor's estate and other parties in interest with respect thereto.

7. All persons or entities who presently, or as of the date of the Closing, may have possession, custody or control of all or some of the Property are hereby directed to surrender possession to the Purchaser on the date of the Closing.

8. The holders of any Liens, Claims, Encumbrances and Interests are hereby forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances and Interests against the Purchaser, the Purchaser's successors or assigns,

the Property and/or any other assets of the Purchaser or its successors or assigns.

9. The Purchaser shall not have any successor or transferee liability for any obligations or liabilities of the Debtor or the Debtor's estate as a result of the purchase of the Property, and all creditors of the Debtor and other parties in interest are hereby forever barred, estopped and permanently enjoined from taking any action based on any theory of successor of transferee liability against the Purchaser, the Purchaser's successors or assigns, the Property and/or any other assets of the Purchaser or its successors or assigns.

10. The Purchaser shall have no liability or responsibility of any nature, character or kind for any liability or other obligation of the Debtor or the Debtor's estate or any other party relating to the Property or the operation of the Debtor's businesses other than any liabilities or obligations expressly assumed by the Purchaser under the Agreement or as set forth in this Order.

11. The Trustee is authorized and directed at the Closing to assume and assign each of the executory contracts and unexpired leases identified in the Motion (the "Contracts") to Purchaser pursuant to section 365 of the Bankruptcy Code and to execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Contracts to Purchaser. The Purchaser shall is authorized and directed at the Closing to sign whatever documents may be necessary to consummate the assignment of the lease identified in Section 2.3 of the Agreement.

12. Any provisions in any Contract that prohibit or condition the assignment of such Contract or allow the counterparty to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Contract, constitute unenforceable anti-assignment provisions that are void and of no

8

force and effect with respect to the Trustee's assumption and assignment of such Contracts in accordance with the Agreement but will be effective and binding upon the Purchaser with respect to any purported assignment for the remaining term of any Contract. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to Purchaser of the Contracts have been satisfied. Upon the Closing or such later time as is provided in the Agreement with respect to the assumption and assignment of any Contract, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Contracts, and such Contracts shall remain in full force and effect for the benefit of Purchaser.

13. Each non-Debtor counterparty to the Contracts shall be forever barred, estopped, and permanently enjoined from (a) asserting against the Debtor or Purchaser or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing or the transfer of the Property, including any breach related to or arising out of change-in-control in such Contracts, or any purported written or oral modification to the Contracts and (b) asserting against Purchaser (or its property, including the Property) any claim, counterclaim, defense, breach, condition, setoff asserted or assertable against the Debtor existing as of the Closing or arising by reason of the transfer of the Property, *provided, however*, that the Purchaser shall be responsible for continuing obligations under the Contracts, *cum onere*, including, without limitation, liabilities for any breach of such Contracts occurring after such assignment and obligations to pay year-end adjustment and reconciliation amounts that become obligations after the date of this Order, including tax reconciliations, common area charges and insurance premiums, under the terms of any applicable unexpired lease of real property, subject

9

to any defenses provided by such lease.

14. Upon the Closing, Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Contracts, and the Debtor and Trustee shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Contracts for any breach thereof occurring after such assignment. There shall be no rent accelerations, assignment fees, increases or any other fees charged to Purchaser or the Trustee as a result of the assumption and assignment of the Contracts.

15. Purchaser has provided adequate assurance of future performance under the Contracts within the meaning of sections 365(b)(1)(c), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

16. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not in any way diminish or impair the effectiveness of such provision, it being the intent of the Court, the Trustee and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

17. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, this Order shall govern and control.

18. This Order and Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Trustee, the Debtor, the Debtor's estate and the Purchaser, their respective successors and permitted assigns, including, without limitation, any trustee appointed in these Chapter 11 cases, any trustee appointed in a Chapter 7 case if these cases are converted from Chapter 11, any examiner appointed with special powers,

all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Property.

19. The provisions of this Order authorizing the sale of the Property free and clear of Liens, Claims, Encumbrances and Interests shall be self-executing, and neither the Trustee nor the Purchaser shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions of this Order with respect to the sale of the Property; *provided, however*, that this paragraph shall not excuse any interested party from performing its respective obligations under the Agreement. Without in any way limiting the foregoing, Trustee and the Purchaser are empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions of this Order with respect to the sale of the Property.

20. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary or appropriate to effectuate the sale of the Property and the transactions contemplated by the Agreement.

21. The provisions of this Order are non-severable and mutually dependent.

22. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in the chapter 11 case shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

11

Case 23-11352-KHK    Doc 160-3    Filed 11/15/24    Entered 11/15/24 11:24:02    Desc
Proposed Order    Page 12 of 13

23. This Court shall retain exclusive jurisdiction to interpret and enforce the terms and provisions of this Order and the Agreement in all respects and to decide any issues or disputes relating in any way to this Order and the Agreement.

24. All proceeds from the sale of the Property shall be held by the Trustee pending a judicial determination regarding the proper disposition of such proceeds, except that the Trustee may disburse funds to the Small Business Administration, EagleBank and Cadence Bank from the sales proceeds. If the Trustee disputes any of these creditors' secured claims, the Trustee shall hold funds necessary to pay any such disputed secured claim subject to further order of the Court.

25. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any other applicable statue or rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of the effectiveness of this Order.

Date: _____          _____
                              Klinette H. Kindred
                              United States Bankruptcy Judge

                              Entered on Docket: _____

I ask for this:

*/s/ Stephen A. Metz*
Stephen A. Metz
Virginia State Bar No. 89738
Offit Kurman, P.A.
7501 Wisconsin Ave., Suite 100W
Bethesda, MD 20814
Phone: (240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

Seen and _____:
GERARD R. VETTER
Acting United States Trustee, Region 4

By: _____
Michael T. Freeman
Virginia State Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

## Certificate of Endorsement by All Parties

Pursuant to Local Rule 9022-1(C), I hereby certify that the proposed order has been endorsed by all necessary parties.

*/s/ Stephen A. Metz*
Stephen A. Metz

**Copies to:**

Stephen A. Metz, Esquire
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814

4876-7605-3753, v. 1