UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re:<br><br>SKIN LOGIC, LLC,<br><br>　　　Debtor. | Chapter 11<br><br>Case No. 23-11352 (KHK) |

**HARRY KAMIN'S LIMITED OBJECTION TO
SUBCHAPTER V TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS**

Creditor Harry Kamin ("Mr. Kamin"), individually and derivatively on behalf of BNG Group LLC ("BNG"), by and through undersigned counsel, hereby files his Limited Objection to the Subchapter V Trustee's Motion for Entry of an Order Approving Sale of Substantially All of Debtor's Assets [Dkt. No. 160] (the "Sale Motion") filed by Stephen A. Metz, Subchapter V trustee (the "Trustee"). In support of his Limited Objection, Mr. Kamin states as follows:

**I.    PRELIMINARY STATEMENT**

Likely due to the fluidity of the situation and pending negotiations with secured creditors, the Sale Motion is light on certain key details, including the extent and application of sale proceeds. Mr. Kamin files this Limited Objection to preserve the right for additional information as the Court considers approval of the proposed sale of substantially all of the Debtor's assets under 11 U.S.C. § 363(b).

Marc E. Albert, No. 26096
Tracey M. Ohm, No. 77150
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

Bethany R. Benes, No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Building, Suite 246
Fairfax, Virginia 22033
Tel.: (703) 260-9325
bbenes@bethunebenes.com

*Counsel for Harry Kamin*

## II. BACKGROUND

1. BNG is a Virginia limited liability company whose sole business purpose is owning and leasing the commercial property located at 2 Pidgeon Hill Drive in Sterling, Virginia (the "Building"). Mr. Kamin and Valeria V. Gunkova ("Ms. Gunkova") each hold 50% Class A membership interest in BNG.

2. Ms. Gunkova is the Debtor in Case No. 23-11261-BFK. Ms. Gunkova is also the romantic partner of Jacob G. Bogatin ("Mr. Bogatin"). Mr. Bogatin is the Debtor in Case No. 23-11157-BFK and Defendant in the case of *United States of America v. Jacob Bogatin, et al.*, Criminal No. 02-157, pending in the United States District Court for the Eastern District of Pennsylvania in which Mr. Bogatin was indicted by a grand jury on no less than forty-five (45) felony charges including (i) RICO conspiracy, (ii) wire fraud, (iii) mail fraud, (iv) securities fraud, (v) filing false reports with the SEC, (vi) falsification of books and records, (vii) money laundering conspiracy, (viii) and money laundering.

3. Skin Logic is a Virginia limited liability company that operates a spa and wellness clinic in the Building pursuant to a lease with BNG (the "Lease"). Ms. Gunkova and Mr. Bogatin operate the spa together. Mr. Bogatin serves as Skin Logic's "Executive Consultant" and prior to the appointment of a Subchapter V Trustee, was responsible for maintaining the books, records, and financials of the company.

4. Mr. Kamin filed suit against Ms. Gunkova in March 2021 in the Loudoun County Circuit Court (the "Loudoun Case") after Ms. Gunkova continuously disregarded Mr. Kamin's management rights and shut him out of the operations of BNG. Over the course of two years, Mr. Kamin uncovered information and documentation that revealed that Ms. Gunkova and Mr. Bogatin conspired to commit and did commit fraud against Mr. Kamin, including through Skin Logic. On June 16, 2023, the Court in the Loudoun Case granted Mr. Kamin leave to amend his claims to

add Mr. Bogatin and Skin Logic (as well as Ms. Gunkova's two other companies, VNJ Management LLC and Sterling Investment LLC) to the Loudoun Case.

5. On July 14, 2023, Mr. Kamin filed a Motion for Sanctions and Spoliation in the Loudoun Case as a result of the intentional spoliation of evidence revealed in a forensic analysis of no less than 34 electronic devices turned over by Ms. Gunkova and Mr. Bogatin pursuant to the Loudoun Court's Order compelling Ms. Gunkova to do so.[1] On July 27, 2023, the Loudoun Court scheduled the Spoliation Motion for hearing. Five days later, on August 3, 2023, Ms. Gunkova filed her voluntary petition for bankruptcy in this Court (Case No. 23-11261-BFK), resulting in an automatic stay of the Loudoun Case (including the Motion for Sanctions and Spoliation).

6. On August 24, 2023, Skin Logic filed its petition for bankruptcy. Mr. Kamin timely filed a proof of claim against Skin Logic in his individual capacity, which has been designated as Claim No. 5. Mr. Kamin also timely filed a proof of claim against Skin Logic derivatively on behalf of BNG, which has been designated as Claim No. 6 (the "BNG Proof of Claim"). The BNG Proof of Claim is based in part on prepetition rent owed for Skin Logic's leased premises in the Building.

7. On September 13, 2023, the U.S. Trustee filed the United States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee Pursuant to 11 U.S.C. § 1185(a) [Dkt. No. 34] (the "Operating Trustee Motion"). In the Operating Trustee Motion, the U.S. Trustee explained that "[c]ause exists to appoint the subchapter V trustee to become the operating trustee in this case because the Debtor's owner, Valeria

---

[1] The issues of Ms. Gunkova and Mr. Bogatin's spoliation of evidence were ultimately heard by this Court on June 18, 2024, and June 24, 2024, as a result of Mr. Kamin's motion filed in Adversary Proceeding No. 23-01062-BFK. *See* Dkt. No. 53. On July 24, 2024, this Court issued a twenty (20) page Memorandum Opinion granting Mr. Kamin's Motion and entering default judgment against Ms. Gunkova due to the "egregiousness of [Ms. Gunkova's' conduct". The Court found that "Ms. Gunkova and her agents' actions were not just negligent, they were intentional." *See* Dkt. No. 104 in Adversary Proceeding No. 23-01062-BFK.

3

Gunkova, has conflicts of interest that are and will continue to interfere with her ability to fulfill her fiduciary duties to the Debtor, and the Debtor's fiduciary duties to the Estate." Operating Trustee Motion, ¶ 11, p. 3. The Trustee was subsequently appointed as the operating trustee of Skin Logic pursuant to an order entered on September 27, 2023 [Dkt. No. 47].

8. On November 20, 2023, Mr. Kamin, individually and on behalf of BNG, filed an adversary proceeding against Skin Logic seeking a determination of non-dischargeability under Section 523 of the Bankruptcy Code, which is Adversary Proceeding No. 23-01065-KHK.[2]

9. On November 22, 2023, Skin Logic filed its first Plan of Reorganization for Small Business Under Chapter 11 [Dkt. No. 63]. Numerous objections were filed to the Plan, and Skin Logic subsequently amended its Plan on March 11, 2024 [Dkt. No. 96]. The amended Plan was removed as moot following a hearing held on November 19, 2024.

10. Both the original Plan and the Amended Plan included a sale of Skin Logic's spa business. Broker Mark Irion and Transworld Business Advisors ("Transworld") were employed to assist in the sale. Transworld identified several potential purchasers of Skin Logic's assets, and the Operating Trustee met with and communicated with multiple potential purchasers. The Trustee has filed a motion to extend the retention of Transworld into early 2025 [Dkt. No. 169].

11. On May 13, 2024, the Operating Trustee filed a motion for entry of an order approving the sale of substantially all of the Debtor's assets on May 13, 2024 [Dkt. No. 119] (the "Singh Sale Motion"). The Sale Motion was based on an offer by Harpreet Singh ("Purchaser Singh") to buy Skin Logic's business for $2,000,000. The sale with Purchaser Singh never came

---

[2] Skin Logic ultimately agreed to waive discharge of Mr. Kamin and BNG's claims by Order dated June 11, 2024 [Case No. 23-01065-KHK, Dkt. No. 127]. Likewise, Mr. Bogatin agreed to waive his discharge in connection with an adversary proceeding filed by the U.S. Trustee seeking denial of discharge under Section 727 of the Bankruptcy Code. [Case No. 23-11157-BFK, Dkt. No. 78; Adv. Proc. No. 23-01063-BFK].

4

to fruition and the Singh Sale Motion was withdrawn following a hearing held on November 19, 2024.

12. On July 8, 2024, the Office of the United States Trustee (the "U.S. Trustee") filed a motion to convert or dismiss the Debtor's case. The hearing on that motion has been continued to January 14, 2025 at 12:00 p.m., the date of the hearing on the Sale Motion.

13. On November 15, 2024, the Trustee filed the Sale Motion. The Sale Motion contemplates a new sale of substantially all of the Debtor's assets with a new potential purchaser, Dr. Leila Kump, or her designated assignee Aria Elite LLC (the "Purchaser"). The asset purchase agreement for the new sale has a purchase price of $1,150,000.00.

### III. LIMITED OBJECTION

14. Section 363(b) allows a trustee to sell property of the estate outside of the ordinary course of business after notice and a hearing. 11 U.S.C. § 363(b).

15. This Court has explained that:

> A sale of substantially all of the assets of the estate prior to plan confirmation requires a "sound business purpose," which in turn requires: (1) a sound business reason or emergency justifying a pre-confirmation sale; (2) that the sale has been proposed in good faith; (3) adequate and reasonable notice of the sale has been provided to interested parties; and (4) the purchase price is fair and reasonable.

*In re MCSGlobal Incorporated*, 562 B.R. 648, 654 (Bankr. E.D. Va. 2017) (citing *In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997); *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)). "Courts generally look to the trustee's business judgment in analyzing asset sales under Section 363(b)." *Id.* (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Alpha Nat. Res., Inc.*, 546 B.R. 348, 356 (Bankr. E.D. Va. 2016)).

16. Mr. Kamin does not believe there is any indication that the Trustee is acting in bad faith in filing the Sale Motion. However, Mr. Kamin has some concerns about the Purchaser. Dr. Kump is an insider of the Debtor, serving as the Medical Director for the medical spa. In

5

November 2022, she executed a Small Business Administration Borrower Information Form as a "Key Operator" of the Debtor. *See* Exhibit A attached hereto, SBA 7(a) Borrower Information Form.

17. Dr. Kump's close association with the Debtor's principals warrants scrutiny from the Court. A review of her professional licensure reveals disciplinary proceedings in her past specifically related to "a pattern of deceptive behavior" and "attempt[ing] to conceal evidence and provid[ing] fraudulent answers" in response to investigations related to allegations of unlicensed practice. *See* Maryland State Board of Physicians, Order of Reinstatement dated June 3, 2016 attached hereto as Exhibit B, and Virginia Board of Medicine, Order dated February 25, 2022, attached hereto as Exhibit C.

18. In the wake of the long delays following Purchaser Singh's unrealized offers for the business, Mr. Kamin has some concern that Dr. Kump's offer may be less than sincere – the latest effort by Ms. Gunkova and Mr. Bogatin to maintain control over the business through further delays. To that end, the asset purchase agreement includes a financing provision that could extend the sale closing well into March 2025.

19. Further, the proposed purchase price is less than the face amount of secured claims on the Debtor's assets. When considering a sale where the price is less than or equal to the aggregate amount of liens on the property, "courts must address these types of sales on a case by case basis, and give judicial consent only after the surrounding circumstances are carefully scrutinized and a determination is made that the sale is justified." *In re Collins*, 180 B.R. 447, 451 (Bankr. E.D. Va. 1995).

20. The Sale Motion lacks details that would allow the requisite scrutiny. For example, it is unclear from the Sale Motion, what, if any, proceeds of the sale will be available to pay administrative and/or unsecured claims.

6

21. In addition, the Sale Motion includes the assumption and assignment of the Lease with BNG, as amended. The proposed cure amount in the First Assumption Notice is subject to "an agreement to be reached between BNG and the Trustee." It is unclear whether that agreement will require a monetary cure payment to BNG, and if so, how that payment will be funded from the sale proceeds.

WHEREFORE, Harry Kamin requests that additional information be provided and evaluated by the Court prior to any approval of the Sale Motion, and for such other and further relief as the Court deems just and proper.

Dated: December 6, 2024                    Respectfully submitted,

/s/ Tracey M. Ohm
Marc E. Albert, No. 26096
Tracey M. Ohm, No. 77150
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

and

Bethany R. Benes, No. 85408
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Building Suite 246
Fairfax, Virginia 22033
Tel.: (703) 260-9325
bbenes@bethunebenes.com

*Counsel for Harry Kamin*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, a copy of the foregoing Limited Objection was filed and served via the Court's Electronic Filing System on all parties receiving such notification as follows:

- Marc E. Albert    marc.albert@stinson.com, dc05@ecfcbis.com; porsche.barnes@stinson.com; malbert@ecf.epiqsystems.com; joshua.cox@stinson.com

- Alan D. Eisler    aeisler@e-hlegal.com, mcghamilton@gmail.com

- Jack Frankel    jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov; Robert.W.Ours@usdoj.gov

- Michael T. Freeman    michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

- David William Gaffey    dgaffey@whitefordlaw.com, clano@whitefordlaw.com

- Lawrence Allen Katz    lkatz@hirschlerlaw.com, chall@hirschlerlaw.com; aklena@hirschlerlaw.com

- Stephen A. Metz    smetz@offitkurman.com, MD71@ecfcbis.com

- Tracey Michelle Ohm    tracey.ohm@stinson.com, porsche.barnes@stinson.com

- Benjamin P. Smith    bsmith@shulmanrogers.com, ctremper@shulmanrogers.com; RParadis@shulmanrogers.com; kdiaz@shulmanrogers.com; sevans@shulmanrogers.com

- Matthew J. Troy    matthew.troy@usdoj.gov, USAVAE.ALX.ECF.CIVIL@usdoj.gov

- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com; verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

- Gerard R. Vetter    ustpregion04.ax.ecf@usdoj.gov


                                        /s/ Tracey M. Ohm
                                        Tracey M. Ohm