| | | |
|---|---|---|
| IN THE MATTER OF | * | BEFORE THE |
| LEILA I. KUMP, M.D. | * | MARYLAND STATE BOARD |
| Applicant for Reinstatement | * | OF PHYSICIANS |
| License Number D67770 | * | Board Case Number 8816-0002B |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF REINSTATEMENT

On January 16, 2015, Leila I. Kump, M.D., an ophthalmologist, and the Maryland State Board of Physicians (the "Board") entered into a Consent Order under which Dr. Kump's license to practice medicine in Maryland was revoked. Under the terms of the Consent Order, Dr. Kump was precluded from applying for reinstatement for one year. After one year, on February 8, 2016, Dr. Kump applied for the reinstatement of her medical license. On May 25, 2016, Board Disciplinary Panel B (the "Panel") met with Dr. Kump, Dr. Kump's counsel, and the administrative prosecutor to consider Dr. Kump's reinstatement application.

### Disciplinary History in Maryland

On September 20, 2013, in a Final Decision and Order, the Board concluded that Dr. Kump provided false information on licensure applications, which included forging the signatures of two residency program directors. The Board suspended Dr. Kump's medical license for one year.

While Dr. Kump's license was suspended, the Board received complaints that Dr. Kump continued to practice medicine in Maryland. The Board conducted an investigation, which indicated, despite Dr. Kump's initial denials, that she did treat patients while her license was suspended.

On January 16, 2015, the Panel and Dr. Kump entered into a Consent Order. Under the Consent Order, the Panel concluded that Dr. Kump violated the 2013 Final Decision and Order by practicing medicine in Maryland while her license was suspended. Under the Consent Order, Dr. Kump's license to practice medicine was revoked. Dr. Kump was allowed to apply for reinstatement after one year.

### Reinstatement Determination

On February 8, 2016, Dr. Kump applied for the reinstatement of her medical license. Since the revocation, Dr. Kump has worked as an administrator in a medical office. Her responsibilities include billing, ordering medical supplies, and payroll management. Dr. Kump has also completed more than the requisite credit hours for continuous medical education and has completed three courses on medical ethics.

The Panel has not been concerned with Dr. Kump's technical competence to practice medicine. The Panel's concern has squarely been Dr. Kump's pattern of deceptive behavior. Clearly, Dr. Kump did not appropriately resolve this concern after the Board suspended her license. The same type of behavior that led to the suspension also led to the revocation. In any event, Dr. Kump's misconduct has been serious and disturbing.

There has been no indication that Dr. Kump has engaged in deceptive conduct once her license was revoked. This, of course, does not resolve the inquiry. The question is whether the Panel has confidence that she will not engage in deceptive behavior in her practice if her license is reinstated.

Dr. Kump appears genuinely remorseful and recognizes the insidious nature of her conduct. She also appears to understand that a physician must be honest no matter the circumstances or consequences. While Dr. Kump has demonstrated significant changes in the

right direction, in light of her past behavior, the Panel is not without concern. The Panel is sufficiently confident, however, that its concerns can be appropriately addressed while Dr. Kump practices medicine. The Panel is thus reinstating Dr. Kump's license but placing her on probation for a minimum period of 18 months and ordering that she enroll in the Maryland Professional Rehabilitation Program to ensure that the Panel's concerns continue to be appropriately addressed.

It is thus, by Board Disciplinary Panel B, pursuant to § 14-409(a)(1)(ii) of the Health Occupations Article and COMAR 10.32.02.06B(4), hereby

**ORDERED** that Leila I. Kump, M.D.'s license to practice medicine in Maryland (License Number D67770) is **REINSTATED;** and it is further

**ORDERED** that Dr. Kump is placed on **PROBATION** for a minimum period of **18 MONTHS.**[1]  During the probationary period, Dr. Kump shall comply with all of the following probationary terms and conditions:

1. Dr. Kump shall enroll in the Maryland Professional Rehabilitation Program ("MPRP"). Within **5 business days**, Dr. Kump shall contact MPRP to schedule an initial consultation for enrollment. Within **15 business days**, the Respondent shall enter into a Participant Rehabilitation Agreement and Participant Rehabilitation Plan with MPRP. Dr. Kump shall fully and timely cooperate and comply with all of MPRP's referrals, rules, and requirements, including but not limited to, the terms and conditions of the Participant Rehabilitation Agreement(s) and Participant Rehabilitation Plan(s) entered into with MPRP, and shall fully participate and comply with all therapy, treatment, and evaluations as directed by MPRP;

---

[1] If the Respondent's license expires while the Respondent is on probation, the probationary period and any probationary conditions will be tolled.

2. Dr. Kump shall sign and update the written release/consent forms requested by the Board and MPRP. Dr. Kump shall sign the release/consent forms to authorize MPRP to make verbal and written disclosures to the Board, including disclosure of any and all MPRP records and files possessed by MPRP. Dr. Kump shall also sign any written release/consent forms to authorize MPRP to exchange with (i.e., disclose to and receive from) outside entities (including all of Dr. Kump's current therapists and treatment providers) verbal and written information concerning Dr. Kump and to ensure that MPRP is authorized to receive the medical records of Dr. Kump, including, but not limited to, mental health and drug or alcohol treatment records; and it is further

3. The Respondent shall comply with the Maryland Medical Practice Act, Md. Code Ann., Health Occ. §§ 14-101—14-702, and all laws and regulations governing the practice of medicine in Maryland; and it is further

**ORDERED** that, after 18 months, Dr. Kump may submit a written petition to the Board requesting termination of probation. After consideration of the petition, the probation may be terminated through an order of the Board or Panel B. Dr. Kump may be required to appear before the Board or Panel B to discuss her petition for termination. The Board or Panel B will grant the petition to terminate the probation if she has complied with all of the probationary terms and conditions and there are no pending complaints; and it is further

**ORDERED** that if the Board or Panel B determines, after notice and an opportunity for a hearing before an Administrative Law Judge of the Office of Administrative Hearings if there is a genuine dispute as to a material fact or a show cause hearing before the Board or Panel B if there is no genuine dispute as to a material fact, that the Respondent has failed to comply with any term or condition of probation or this order, the Board or Panel B may reprimand Dr. Kump,

place Dr. Kump on further probation with appropriate terms and conditions, or suspend or revoke Dr. Kump's license to practice medicine in Maryland. The Board or Panel B may, in addition to one or more of the sanctions set forth above, impose a civil monetary fine upon her; and it is further

**ORDERED** that Dr. Kump is responsible for all costs incurred in fulfilling the terms and conditions of this order; and it is further

**ORDERED** that, unless stated otherwise in the order, any time period prescribed in this order begins when the order goes into effect. The order goes into effect upon the signature of the Board's Executive Director, who signs on behalf of Panel B.

**ORDERED** that this order is a public document pursuant to Md. Code Ann., Gen. Prov. §§ 4–101 *et seq.*

06/03/2016
Date

Christine A. Farrelly, Executive Director
Maryland State Board of Physicians

5