IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11352-KHK |
| | ) | (Chapter 11) |
| SKIN LOGIC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Comes now The VerStandig Law Firm, LLC ("VLF"), counsel for the above-referenced debtor ("Skin Logic" or the "Debtor"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and apply to this Honorable Court for final allowance of compensation of (i) $23,310.00 in attorneys' fees, and (ii) reimbursement of $125.14, *to be discounted upon approval* to (iii) a total of $19,887.00 in total fees and expenses, and in support thereof state as follows:

**I.      Introduction**

Chapter 11 cases—even those brought on behalf of small businesses, under subchapter V—are never easy. Yet some cases are notably more complex and difficult than others. And, by nearly any estimation, this is—and at all times relevant, has been—one such case marked by complexities and difficulties. Part of a tapestry of related filings involving two individuals and four related entities, the saga of Skin Logic has seen the usual array of first day motions and hearings, the slightly-less-usual specter of an in-person meeting of creditors, the Debtor dispossessed—by consent—scantly a month into the case, the ensuing defense—and resolution—of a discharge-centric adversary proceeding, the proposal of a plan of reorganization, myriad discussions and negotiations with creditors (including a private litigation claimant and the United States of America), a change in control of the Debtor's equity interest when an individual's chapter 11 case

1

was converted to chapter 7, various sale-centric efforts, and a plentiful array of hearings along the way.

The saga of Skin Logic is not yet over. An asset sale does now stand on the precipice of closure, and some ultimate resolution by way of plan amendment, dismissal, or conversion seems likely to follow thereafter. But the administrative solvency of the Debtor is also now such that professionals appear unlikely to garner funds above and beyond those provided for in a contemplated post-closing distribution and those held in trust as and for retainer funds.

The work of undersigned counsel on this case has been mild relative to that of the subchapter V trustee who, since taking helm of the Debtor, has borne the brunt of efforts and worked oft-impressive feats to keep a potential sale viable and to keep Skin Logic operating as a going concern. And, appreciating such from the outset, VLF long ago informally agreed to not seek compensation above or beyond that compensable through the pre-filing retainer paid to the firm. This application is intended to memorialize such, formally seeking such compensation and acknowledging that no additional funds will be petitions for in connection with this case, by VLF.

## II.     Recitations Pursuant to Applicable Law

1. The services for which compensation is herein sought were performed between August 24, 2023 and January 23, 2025. Maurice VerStandig performed all billable work.

2. No interim applications for compensation were filed by VLF in this case.

3. Complete time records for attorney work are appended hereto as Exhibit A. Included therein are certain time entries that were marked as "non-billable" upon review of records in anticipation of filing this application. Other non-billable entries were removed from the invoice entirely before it was generated.

4. Records of expenses incurred are included in the time records appended hereto as Exhibit A.

5. The compensation sought hereunder, if approved, will be paid entirely from a pre-petition retainer, in the sum of $19,877.00. The original pre-petition retainer was in the sum of $25,000.00, with $5,113.00 of those funds having been taken as compensation for pre-petition work, shortly before a petition for chapter 11 relief was filed, to ensure VLF was not a creditor of Skin Logic at the time of this case's commencement.

6. There is no agreement for VLF to share compensation with any third party.

### III. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, DBF recorded all time in these matter in project categories. The time recorded—and compensation requested—for each such project category is as follows, with the sums being inclusive of expense reimbursements sought in connection with each such project category:

a. Case Administration – 35.5 Hours – $15,947.82

b. Dischargeability Adversary – 8.90 Hours – $4,005.00

c. Fee and Employment Applications – 0.4 Hours – $180.00

d. Plan and Disclosure Statement – 7.1 Hours – $3,302.32

### IV. Hourly Rate

Time has been billed in this case at the rate of $450.00 per hour. At the time this case was commenced that rate was toward the lower end of hourly rates charged by VLF's principal in connection with bankruptcy cases in the District of Columbia metropolitan area. The same attorney has historically charged a slightly lower rate in connection with his representation of debtors in bankruptcy proceedings in the District of North Dakota and has since commenced charging a marginally higher rate, in accord with an annualized increase of hourly fees, for new cases in the

3

District of Columbia metropolitan area (between $500.00 per hour and $600.00 per hour). These rates—including the $450.00 per hour rate in this case—are premised upon consideration of (i) the prevailing rates charged by other attorneys in this district; (ii) the experience of DBF's principal; and (iii) a generalized economic observation of the rates that the local market seems most inclined to support.

### V.  Discount

While VLF asks for approval of all fees and expenses sought herein, as memorialized on Exhibit A, VLF also asks that its resultant administrative claim be in the reduced amount of $19,887.00, which correlates to the retainer being held. This will result in an effective discount of $3,566.14, which is slightly greater than 15%. The firm asks that the discount be deemed to be given upon the granting of this application, such that the Debtor will have no monetary obligation greater than the amount of the retainer being held but, equally, the whole of VLF's efforts in this case will have been subject to the fee application and approval process.

### VI.  Travel Time and Expenses

VLF does not seek compensation for time spent traveling to and from Alexandria, nor reimbursement for the expenses incurred in connection with such travel. As such, while undersigned counsel resides approximately 650 miles away, and has regularly traveled to Alexandria for hearings in this case (alongside a meeting of creditors), the time records appended hereto are notably devoid of any time entries for travel and any expense entries for airfare/lodging/rental cars.

To the extent compensable work was undertaken while traveling (i.e., preparing for a hearing while on an airplane), however, such is included in the services for which compensation is sought.

**VII.    Description of Services Rendered**

The time records appended hereto as Exhibit A contain a thorough description of all services rendered for which compensation is instantly sought. And many of those services are also well reflected on the docket of this case and the now-closed accompanying adversary proceeding, in the form of briefs and other papers. By way of a generalized description, however, VLF notes that services included the following:

    a.    Advising the Debtor in connection with case-centric matters;

    b.    Filing—and arguing—appropriate first day motions, including adducing testimony and presenting evidence in connection with such motions;

    c.    Endeavoring to negotiate a consensual plan of reorganization;

    d.    Drafting a plan of reorganization;

    e.    Advising the Debtor in connection with the ceding of operational control to the subchapter V trustee;

    f.    Representing the Debtor in a discharge-centric adversary proceeding;

    g.    Staying apprised of developments not merely in this case but in the several related pending bankruptcy proceedings of insiders and affiliates; and

    h.    Assessing the legal implications of the Debtor's sole equity holder having her bankruptcy case converted to chapter 7, while thereafter working with her chapter 7 trustee and his counsel to monitor case progress and relevant events.

**VIII.    Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC respectfully pray this Honorable Court (i) finally approve and ratify fees in the sum of $23,310.00, finding such fees to have been properly earned by VLF and its principal during the course of these

proceedings; (ii) finally approve and ratify expenses in the sum of $125.14, finding such expenses to have been properly incurred by VLF and to be reimbursable in nature; (iii) direct the total compensation to be awarded to VLF be discounted to $19,887.00, by the request of VLF, notwithstanding the approval of all fees and expenses; (iv) permit VLF to draw $19,887.00, from the funds being held as a retainer, in trust, toward payment of the foregoing fees and expenses; and (v) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: March 23, 2025    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 81556
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system and is being sent on March 24, 2025, via US Mail, postage prepaid, to all parties on the attached mailing matrix.

/s/ Maurice B. VerStandig
Maurice B. VerStandig