IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In re:**<br><br>**Skin Logic, LLC,**<br><br>    **Debtor.** | Case No. 23-11352-KHK<br><br>Chapter 11 – Subchapter V |

### U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, moves this Court to dismiss this case. In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On August 24, 2023, the Debtor filed this case under chapter 11 subchapter V of the Bankruptcy Code. Dkt. No. 1.

4. Stephen Metz was appointed as the subchapter V trustee. Pursuant to an Order entered on September 27, 2023, he was subsequently appointed as the operating subchapter V trustee.

5. On March 11, 2024, the Debtor filed its First Amended Plan of Liquidation for Small Business Under Chapter 11. Dkt. No. 96.

6. On May 13, 2024, the subchapter V trustee filed a Motion for Entry of an Order Approving Sale of Substantially All of the Debtor's Assets ("First Sale Motion") to Harpreet Singh, the stalking horse purchaser ("Stalking Horse"). Dkt. No. 119.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

7. On July 8, 2024, the subchapter V trustee sent an email stating that the Stalking Horse had withdrawn his offer to purchase the assets of the Debtor.

8. On November 8, 2024, Dr. Leila Kump executed an Asset Purchase Agreement to acquire the assets of the Debtor for a total price of $1,150,000.

9. The subchapter V trustee has not identified any other viable offers for the purchase of the assets other than Dr. Kump's offer.

10. On November 15, 2024, the subchapter V trustee filed a Motion for Entry of an Order Approving Sale of Substantially All of the Debtor's Assets ("Second Sale Motion"). Dkt. No. 160.

11. On January 13, 2025, the subchapter V trustee filed a Line Amending the Asset Purchase Agreement to include updated language as to the lease of the premises and the cure amount for lease arrearages.

12. On January 22, 2025, the Bankruptcy Court entered an Order Approving Asset Purchase Agreement, Authorizing Sale of Assets Free and Clear of All Liens, Encumbrances and Interests and Approving Assumption and Assignment of Executory Contracts and Leases, pursuant to which the Court authorized the Trustee to sell the Debtor's assets for $1,150,000 to Leila Kump or designated assignee Aria Elite LLC ("Buyer"). Dkt. No. 180.

13. Separately, on March 9, 2025, Leila Kump, through her entity ABH, entered into a separate Asset Purchase Agreement with BNG Group LLC ("BNG"), to purchase the real estate located at 2 Pidgeon Hill Drive, Sterling, VA 20165, wherein the Debtor operates its business and is subject to a lease, for $8,300,000. BNG is the owner of the commercial property at 2 Pidgeon Hill Drive in Sterling, Virginia ("Building"). This Debtor, Skin Logic, currently operates a spa and wellness clinic at the Building pursuant to a lease with BNG. BNG also leases space at the

building to a variety of other tenants. BNG is owned equally by the Debtor's principal, Valeria Gunkova, and Harry Kamin.

14. On March 10, 2025, in an effort to stay a foreclosure sale as to the Building, BNG filed a separate bankruptcy case in this Court, Case No. 25-10463-BFK.

15. Between the Asset Purchase Agreement with Skin Logic and the Asset Purchase Agreement with BNG, Dr. Kump sought to purchase both the Skin Logic business and the building out of which it operated.

16. On April 3, 2025, the subchapter V trustee and Buyer executed an Amendment to Asset Purchase Agreement. Pursuant to the Amendment, closing was to have occurred no later than May 9, 2025.

17. On May 6, 2025, BNG filed a motion to approve the sale of the Building to ABH and Dr. Kump. The Court granted this motion on June 11, 2025 after a hearing was held.

18. On June 17, 2025, BNG's counsel sent a termination notice to ABH and Dr. Kump for failure to deposit an additional non-refundable deposit into escrow by May 28, 2025.

19. On June 23, 2025, the Buyer filed in both the Debtor's case and the BNG case an Emergency Motion to Enforce Asset Purchase Agreements, Protect Purchaser's Deposits, and Grant a 30-Day Extension to Close in the Best Interest of Creditors and Employees. Dkt. No. 197. The Court set a status hearing on this matter, and on the sale of the assets of the Debtor, for July 1, 2025.

20. On June 27, 2025, BNG, through counsel, filed its Notice of Intent to Sell and to proceed with an auction of the Building. Pursuant to the Notice, the only qualified bidder at that time was 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC, two separate entities who intended to purchase the property jointly.

21. An Auction regarding the sale of the Building was scheduled for July 8, 2025.

22. At the July 1 hearing on the sale of the Debtor's assets, Dr. Kump did not appear. The subchapter V trustee provided a status update, indicating that Dr. Kump had provided him with informal notice that if she could not purchase the Building, then she would not pursue purchase of the Debtor's assets. As a result, the Court continued the status hearing on the sale of the Debtor's assets to July 29, 2025, to allow for the BNG auction or sale to be heard by the Court.

23. On July 7, 2025, BNG filed a Notice of Cancellation of Auction, as the only Qualified Bidder was the combined group consisting of 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC. *See* Case No. 25-10463, Dkt. 93. Upon information and belief, 2 Pidgeon Hill Drive LLC was the holder of the secured debt against the building after purchasing the Note from the prior secured lender, Atlantic Union Bank.

24. On July 8, 2025, after hearing in this Court, 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC purchased the Building for a credit bid of $5.5 million.

25. At the same hearing where the Building was sold to 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC, the Court denied Dr. Kump's Emergency Motion to Enforce Asset Purchase Agreements, Protect Purchaser's Deposits, and Grant a 30-Day Extension to Cose in the Best Interest of Creditors and Employees in the BNG Case.

26. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). As specifically enumerated in section 1112(b)(4) and present in this case, "cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

In this case, the Debtor is unlikely to be able to confirm a plan and continues to incur losses to the estate the longer that it remains in bankruptcy. Even before it entered bankruptcy, the Debtor began marketing its assets for sale. The Debtor has worked extensively with Transworld Business Advisors, its approved Broker, and the subchapter V trustee in search of potential buyers for its assets. The subchapter V trustee determined in his business judgment that the most likely highest recovery for creditors would be through the sale of substantially all of the Debtor's assets. Accordingly, the Debtor's Plan—which has been pending for more than a year—is wholly dependent on the sale of Skin Logic as a going concern. The stalking horse purchaser withdrew his offer to purchase the assets of the estate in July 2024, and the only offer the Debtor has received since is Dr. Kump's offer. If Dr. Kump does not follow through with the purchase of substantially all of the Debtor's assets, it is unlikely that the Debtor would find another purchaser for its assets in light of the fact that the comprehensive efforts that have already been taken to sell the Debtor's assets as a going concern have been unsuccessful.

In addition, the last monthly operating report filed by the Debtor was the December 2024 report, which was filed in February 2025; as such, the Debtor is nearly six months behind on the

filing of its monthly operating reports. Because there have not been recent monthly operating reports filed, it is difficult to ascertain the Debtor's precise financial situation. However, it is clear that the Debtor continues to lose money the longer that it remains in bankruptcy due to ever-mounting professional fees. Simply put, the Debtor is no closer to confirmation than when the Plan was filed in March 2024—and is in fact worse off in light of the continuing accrual of professional fees since the filing of the bankruptcy.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate. Conversion of this case to chapter 7 would not serve the creditors, since no sale has occurred under the subchapter V trustee in the nearly two years this case has been pending. Given the lack of a purchaser for the assets of the

estate, and the continuing loss to the estate, the U.S. Trustee believes that dismissal of this case is appropriate.

Under Section 349(a), this Court has the ability to dismiss this case with prejudice where cause exists. *See* 11 U.S.C. § 349(a) ("*Unless the court, for cause, orders otherwise*, the dismissal of a case under this title does not… prejudice the debtor with regard to the filing of a subsequent petition under this title.") (emphasis added).

Cause clearly exists to dismiss this case with prejudice. This case has been pending for nearly two years since it was filed on August 24, 2023; as such, the Debtor has benefitted from the automatic stay for two years to the detriment of its creditors. Were the Debtor to refile, it would continue to have no reasonable path to reorganization and its creditors would be forced to wait even longer for relief, which almost certainly could not be achieved through a second bankruptcy, regardless of chapter.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case with prejudice and barring the Debtor from refiling for at least 90 days.

July 11, 2025                                                                   MATTHEW W. CHENEY
                                                                                ACTING U.S. TRUSTEE, REGION 4


                                                                                By: */s/ Michael T. Freeman*
                                                                                Michael T. Freeman
                                                                                Virginia State Bar No. 65460
                                                                                Asst. United States Trustee
                                                                                Office of the United States Trustee
                                                                                1725 Duke Street, Suite 650
                                                                                Alexandria, VA 22314
                                                                                (703) 557-7274- Direct Dial
                                                                                (202) 934-4174- Office Cell
                                                                                Michael.T.Freeman@usdoj.gov

**Certificate of Service**

      I hereby certify that on July 11, 2025, I electronically filed the foregoing Motion with the Clerk of the Court and served it on the parties listed below who are registered Users of the CM/ECF system, by the Notice of Electronic filing generated by the Court's ECF system:

Marc E. Albert marc.albert@stinson.com,  dc05@ecfcbis.com; porsche.barnes@stinson.com;malbert@ecf.epiqsystems.com;joshua.cox@stinson.com

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Alan  D. Eisler aeisler@e-hlegal.com,  mcghamilton@gmail.com

Jack  Frankel jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov,  robert.w.ours@usdoj.gov

David William Gaffey dgaffey@whitefordlaw.com,  clano@whitefordlaw.com

Lawrence Allen Katz lkatz@hirschlerlaw.com,  chall@hirschlerlaw.com; aklena@hirschlerlaw.com

Robert P. McIntosh Robert.McIntosh@usdoj.gov, USAVAE.RIC.ECF.CIVIL@usdoj.gov;Ramona.ONeil@usdoj.gov;CaseView.ECF@usdoj.gov

Stephen A. Metz smetz@offitkurman.com,  MD71@ecfcbis.com

Tracey Michelle Ohm tracey.ohm@stinson.com,  porsche.barnes@stinson.com

Benjamin P. Smith bsmith@shulmanrogers.com,  ctremper@shulmanrogers.com; kdiaz@shulmanrogers.com;rparadis@shulmanrogers.com;MZawalick@shulmanrogers.com

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

      I further certify that on July 11, 2025, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

| | |
|---|---|
| Bethany R Benes<br>BETHUNE BENES, PLLC<br>3975 Fair Ridge Drive<br>South Terrace, Suite 25C<br>Fairfax, VA 22033 | Valeria Gunkova<br>2 Pidgeon Hill Dr<br>Sterling, VA 20165 |
| Leila Kump<br>4735 Courtney Lane<br>Sterling, VA 20165 | |

                                                  */s/ Robert W. Ours*
                                                  Robert W. Ours
                                                  Paralegal Specialist