IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In re:** | |
| **Skin Logic, LLC,** | Case No. 23-11352-KHK |
| **Debtor.** | Chapter 11 – Subchapter V |

### MOTION TO EXPEDITE HEARING AND SHORTEN TIME TO RESPOND

Matthew W. Cheney, Acting United States Trustee for Region 4 ("U.S. Trustee"), by counsel, moves this Court, to shorten time to respond to and expedite the hearing on the U.S. Trustee's Motion to Dismiss Chapter 11 Case ("Motion to Dismiss"). In support of this Motion, the U.S. Trustee states as follows:

### FACTUAL BACKGROUND

1.  On August 24, 2023, the Debtor filed this case under chapter 11 subchapter V of the Bankruptcy Code. Dkt. No. 1.

2.  Stephen Metz was appointed as the subchapter V trustee. Pursuant to an Order entered on September 27, 2023, he was subsequently appointed as the operating subchapter V trustee.

3.  On March 11, 2024, the Debtor filed its First Amended Plan of Liquidation for Small Business Under Chapter 11. Dkt. No. 96.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell

4. On May 13, 2024, the subchapter V trustee filed a Motion for Entry of an Order Approving Sale of Substantially All of the Debtor's Assets ("First Sale Motion") to Harpreet Singh, the stalking horse purchaser ("Stalking Horse"). Dkt. No. 119.

5. On July 8, 2024, the subchapter V trustee sent an email stating that the Stalking Horse had withdrawn his offer to purchase the assets of the Debtor.

6. On November 8, 2024, Dr. Leila Kump executed an Asset Purchase Agreement to acquire the assets of the Debtor for a total price of $1,150,000.

7. The subchapter V trustee has not identified any other viable offers for the purchase of the assets other than Dr. Kump's offer.

8. On November 15, 2024, the subchapter V trustee filed a Motion for Entry of an Order Approving Sale of Substantially All of the Debtor's Assets ("Second Sale Motion"). Dkt. No. 160.

9. On January 13, 2025, the subchapter V trustee filed a Line Amending the Asset Purchase Agreement to include updated language as to the lease of the premises and the cure amount for lease arrearages.

10. On January 22, 2025, the Bankruptcy Court entered an Order Approving Asset Purchase Agreement, Authorizing Sale of Assets Free and Clear of All Liens, Encumbrances and Interests and Approving Assumption and Assignment of Executory Contracts and Leases, pursuant to which the Court authorized the Trustee to sell the Debtor's assets for $1,150,000 to Leila Kump or designated assignee Aria Elite LLC ("Buyer"). Dkt. No. 180.

11. Separately, on March 9, 2025, Leila Kump, through her entity ABH, entered into a separate Asset Purchase Agreement with BNG Group LLC ("BNG"), to purchase the real estate located at 2 Pidgeon Hill Drive, Sterling, VA 20165, wherein the Debtor operates its business and

is subject to a lease, for $8,300,000. BNG is the owner of the commercial property at 2 Pidgeon Hill Drive in Sterling, Virginia ("Building"). This Debtor, Skin Logic, currently operates a spa and wellness clinic at the Building pursuant to a lease with BNG. BNG also leases space at the building to a variety of other tenants. BNG is owned equally by the Debtor's principal, Valeria Gunkova, and Harry Kamin.

12. On March 10, 2025, in an effort to stay a foreclosure sale as to the Building, BNG filed a separate bankruptcy case in this Court, Case No. 25-10463-BFK.

13. Between the Asset Purchase Agreement with Skin Logic and the Asset Purchase Agreement with BNG, Dr. Kump sought to purchase both the Skin Logic business and the building out of which it operated.

14. On April 3, 2025, the subchapter V trustee and Buyer executed an Amendment to Asset Purchase Agreement. Pursuant to the Amendment, closing was to have occurred no later than May 9, 2025.

15. On May 6, 2025, BNG filed a motion to approve the sale of the Building to ABH and Dr. Kump. The Court granted this motion on June 11, 2025 after a hearing was held.

16. On June 17, 2025, BNG's counsel sent a termination notice to ABH and Dr. Kump for failure to deposit an additional non-refundable deposit into escrow by May 28, 2025.

17. On June 23, 2025, the Buyer filed in both the Debtor's case and the BNG case an Emergency Motion to Enforce Asset Purchase Agreements, Protect Purchaser's Deposits, and Grant a 30-Day Extension to Close in the Best Interest of Creditors and Employees. Dkt. No. 197. The Court set a status hearing on this matter, and on the sale of the assets of the Debtor, for July 1, 2025.

18. On June 27, 2025, BNG, through counsel, filed its Notice of Intent to Sell and to proceed with an auction of the Building. Pursuant to the Notice, the only qualified bidder at that time was 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC, two separate entities who intended to purchase the property jointly.

19. An Auction regarding the sale of the Building was scheduled for July 8, 2025.

20. At the July 1 hearing on the sale of the Debtor's assets, Dr. Kump did not appear. The subchapter V trustee provided a status update, indicating that Dr. Kump had provided him with informal notice that if she could not purchase the Building, then she would not pursue purchase of the Debtor's assets. As a result, the Court continued the status hearing on the sale of the Debtor's assets to July 29, 2025, to allow for the BNG auction or sale to be heard by the Court.

21. On July 7, 2025, BNG filed a Notice of Cancellation of Auction, as the only Qualified Bidder was the combined group consisting of 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC. *See* Case No. 25-10463, Dkt. 93. Upon information and belief, 2 Pidgeon Hill Drive LLC was the holder of the secured debt against the building after purchasing the Note from the prior secured lender, Atlantic Union Bank.

22. On July 8, 2025, after hearing in this Court, 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC purchased the Building for a credit bid of $5.5 million.

23. At the same hearing where the Building was sold to 2 Pidgeon Hill Drive LLC and PBK Invest VA LLC, the Court denied Dr. Kump's Emergency Motion to Enforce Asset Purchase Agreements, Protect Purchaser's Deposits, and Grant a 30-Day Extension to Cose in the Best Interest of Creditors and Employees in the BNG Case.

24. On July 11, 2025, the United States Trustee filed its Motion to Dismiss.

25. This Court has jurisdiction over this matter pursuant to §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

26. The facts as provided in the U.S. Trustee's Motion to Dismiss are incorporated by reference.

27. Through the Motion to Dismiss, the U.S. Trustee seeks entry of an Order dismissing the chapter 11 case.

## BASIS FOR RELIEF

28. Federal Rule of Bankruptcy Procedure 9006(c) provides that "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

29. Local Rules of this Honorable Court, in turn, provide a specific procedure for the requesting an expedited hearing:

> A motion requesting an expedited hearing shall be accompanied by a certification verifying that the proponent:
>
> (1) has carefully examined the matter and concluded that there is a true need for an expedited hearing;
>
> (2) has not created the emergency through any lack of due diligence; and
>
> (3) has made a bona fide effort to resolve the matter without hearing.

Local Rule 9013-1(N).

## ARGUMENT

30. The U.S. Trustee seeks to have his Motion to Dismiss heard expeditiously given the underlying facts and circumstances set forth in the Motion to Dismiss.

31. In addition, an expedited hearing on the matter will allow this Court to consider the U.S. Trustee's Motion to Dismiss at the same time as the continued hearing on the matter at Docket 197, which is scheduled for July 29, 2025.

32. Accordingly, the U.S. Trustee wishes to expedite the hearing and shorten time to respond to the Motion to Dismiss.

33. To the extent the Court grants the relief requested in this Motion to Expedite Hearing and Shorten Time, the U.S. Trustee will immediately serve a copy of the notice of hearing.

## CERTIFICATION

34. Pursuant to Local Bankruptcy Rule 9013-1(N), the Acting United States Trustee, by counsel, certifies: (i) that the Acting United States Trustee has carefully examined this matter and has concluded that there is a true need for an emergency hearing; (ii) the Acting United States Trustee has not created this emergency through any lack of due diligence; (iii) the Acting United States Trustee has made a bona fide effort to resolve the matter without hearing.

WHEREFORE, the Acting United States Trustee, respectfully requests that the Court enter an Order shortening the time to respond to the Motion to Dismiss and setting an expedited hearing thereon.

Date: July 11, 2025

MATTHEW W. CHENEY
Acting United States Trustee, Region Four

By: */s/ Michael T. Freeman*
Michael T. Freeman
Virginia State Bar No. 65460
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
Michael.T.Freeman@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 11, 2025, I electronically filed the foregoing Motion with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Marc E. Albert marc.albert@stinson.com, dc05@ecfcbis.com; porsche.barnes@stinson.com;malbert@ecf.epiqsystems.com;joshua.cox@stinson.com

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Alan D. Eisler aeisler@e-hlegal.com, mcghamilton@gmail.com

Jack Frankel jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Michael T. Freeman michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov

David William Gaffey dgaffey@whitefordlaw.com, clano@whitefordlaw.com

Lawrence Allen Katz lkatz@hirschlerlaw.com, chall@hirschlerlaw.com; aklena@hirschlerlaw.com

Robert P. McIntosh Robert.McIntosh@usdoj.gov, USAVAE.RIC.ECF.CIVIL@usdoj.gov;Ramona.ONeil@usdoj.gov;CaseView.ECF@usdoj.gov

Stephen A. Metz smetz@offitkurman.com, MD71@ecfcbis.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

Benjamin P. Smith bsmith@shulmanrogers.com, ctremper@shulmanrogers.com; kdiaz@shulmanrogers.com;rparadis@shulmanrogers.com;MZawalick@shulmanrogers.com

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I further certify that on July 11, 2025, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

| | |
|---|---|
| Bethany R Benes<br>BETHUNE BENES, PLLC<br>3975 Fair Ridge Drive<br>South Terrace, Suite 25C<br>Fairfax, VA 22033 | Valeria Gunkova<br>2 Pidgeon Hill Dr<br>Sterling, VA 20165 |
| Leila Kump<br>4735 Courtney Lane<br>Sterling, VA 20165 | |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist