Stephen A. Metz (89738)
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
Bethesda, MD 20814
(240) 507-1723
smetz@offitkurman.com
Subchapter V Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **SKIN LOGIC, LLC** ) | |
| ) | **Case No. 23-11352-KHK** |
| ) | **Chapter 11** |
| **Debtor** ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TRUSTEE'S RESPONSE TO U.S. TRUSTEE'S**
**MOTION TO DISMISS CHAPTER 11 CASE**

Stephen A. Metz, Subchapter V trustee (the "Trustee") files this Response to U.S. Trustee's

Motion to Dismiss Chapter 11 Case (the "Motion to Dismiss"), and states:

**Preliminary Statement**

1.      For the reasons to be explained below, the Trustee believes the hearing on the

Motion to Dismiss, set for July 29, 2025, should be continued to a date after September 13, 2025.

The Trustee has conferred with the U.S. Trustee, and the U.S. Trustee does not oppose a

continuance of the hearing on the Motion to Dismiss.

**Summary of Sale Transaction**

2.      On January 22, 2025, the Bankruptcy Court entered an Order Approving Asset

Purchase Agreement, Authorizing Sale of Assets Free and Clear of All Liens, Encumbrances and

Interests and Approving Assumption and Assignment of Executory Contracts and Leases (the

"Sale Order"), pursuant to which the Court authorized the Trustee to sell assets to Dr. Leila Kump

or her designated assignee ("Buyer").

3.      Pursuant to Section 5.2 of the Agreement, which was defined as the agreement in substantially the form filed with the Bankruptcy Court on November 15, 2024 (the Initial APA) as modified by the Amended APA filed with the Court on January 13, 2025, closing was to occur no later than 60 days after the entry of the Sale Order.

4.      Buyer paid the Trustee the required $100,000 deposit (the "Deposit").

5.      Pursuant to Section 6.1 of the Amended APA, the Trustee has the right to terminate the Amended APA upon a default by the Buyer, and after providing the Buyer with an opportunity to cure.

6.      On April 3, 2025, the Trustee and Buyer executed an Amendment to Asset Purchase Agreement (the "Amendment"), in which the Trustee and Buyer agreed that closing must occur not later than May 9, 2025.  The Amendment also clarified the name of the entity that will purchase the Debtor's assets, Aria Elite LLC.

7.      Buyer failed to close on or before May 9, 2025.

8.      On June 19, 2025, the Trustee sent notice to Buyer of her opportunity to cure the default that occurred upon Buyer's failure to timely close, giving Buyer two (2) business days to cure that default.  Buyer failed to close within two (2) business days of the June 19, 2025 notice.

9.      On June 24, 2025, the Trustee sent notice to Buyer terminating the Amended APA and informing Buyer that her deposit of $100,000 (the "**Deposit**") was forfeited (the "**June 24 Notice of Termination and Forfeiture**").

10.     The Trustee had recent communications with the Buyer who has recently retained counsel, Andrew Schwartz at Stein Sperling, to represent her in the transactions for the purchase of the building and the purchase of assets in this case. As recently as July 18, 2025, the Trustee understood from David Ruby, counsel for 2 Pidgeon Hill, LLC (the secured creditor who acquired

2

the building through a credit bid), that negotiations have occurred (but were not finalized) for the

purchase of the building.

### The Second Amendment

11.     On July 28, 2025, the Trustee, Buyer and Trustee's broker Transworld Business

Advisors of Richmond VA ("Transworld") executed a Second Amendment to Asset Purchase

Agreement, a true and correct copy of which is attached hereto as Exhibit 1.  Among other things,

the Second Amendment extends closing to August 29, 2025 (time being of the essence), unless

extended further to September 13, 2025 (pursuant to a one-time extension option).  The Second

Amendment also reduces Transworld's commission (from proceeds of the sale) to $20,000 and

allows Transworld and Buyer to enter into a separate agreement pursuant to which Buyer may

agree to compensate Transworld directly.  Moreover, the Second Amendment contains a provision

in which Buyer agrees, acknowledges and confirms that in the event Buyer fails to close in

accordance with the provisions of the Second Amendment, or if this case is dismissed or converted

prior to closing, the entirety of the Deposit shall forever be deemed forfeited (if not already

conclusively forfeited pursuant to the June 24 Notice of Termination and Forfeiture).

12.     Assuming the sale closes, the Trustee has confirmed that sufficient funds will be

available to pay secured creditors, that $30,000 will be available for unsecured creditors (consistent

with the commitment made at the Sale Hearing), and that sufficient funds will be available to make

substantial payments to professional administrative creditors (including to the Trustee).  This was

made possible by Transworld's agreement to limit its commission from the sales proceeds and was

necessitated by substantial increased payoff balances due to EagleBank and the SBA due to the

delay in closing.  The Trustee also negotiated an additional reduction of $30,000 on the balance

due to EagleBank, in addition to the $35,000 reduction set forth in the Consent filed at Doc. 172.

The Trustee's payment analysis is set forth in the spreadsheet attached hereto as Exhibit 2.[1]

13.     It is in the best interests of the creditors – including secured, unsecured and administrative – to continue the hearing on the Motion to Dismiss one last time to allow for a potential successful closing.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By:     /s/ Stephen A. Metz
Stephen A. Metz, Esq. (Bar. No. 89738)
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
TEL:   (240) 507-1723
FAX:   (240) 507-1735
Email: smetz@offitkurman.com

*Subchapter V Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2025, a copy of this Response was served via CM/ECF on all registered ECF participants who have appeared in this case.

/s/ Stephen A. Metz
Stephen A. Metz

4901-6561-6216, v. 1

---

[1] If the sale does not close, and the case is ultimately dismissed, the Deposit should be available for the payment of administrative professional fees.  If the Court ultimately dismisses the case, the Trustee will request that the Court reserve jurisdiction to hear fee applications and direct the disbursement of the funds held by the Trustee, including the $100,000 Deposit, a $30,000 professional fee escrow account, and a $2,200 cash collateral account.