**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **In re:** | * | |
| **SKIN LOGIC, LLC** | * | **Case No. 23-11352 KHK**<br>**(Chapter 11)** |
| Debtor. | * | |

---

### FIRST AND FINAL APPLICATION OF SUBCHAPTER V TRUSTEE FOR COMPENSATION UNDER SUBCHAPTER V OF CHAPTER 11 AND REQUEST TO APPLY FUNDS HELD BY TRUSTEE FOR PAYMENT OF TRUSTEE'S FEE AND FOR FEES OF OTHER PROFESSIONALS

Stephen A. Metz (the "**Applicant**"), hereby requests entry of an order approving first and final compensation and reimbursement of expenses as the Subchapter V Trustee in this case under Subchapter V of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). By this Application, Applicant requests that the Court approve on a final basis, allowance as a chapter 11 administrative expense claim, fees of $108,872.50 and expenses of $422.00. Applicant submits this application pursuant to § 330 and § 503 of the Bankruptcy Code and Federal Rules of Procedure 2016, and states as follows:

1. On August 20, 2024, Skin Logic, LLC (the "**Debtor**") filed a Petition under Subchapter V of Chapter 11 of the Bankruptcy Code in Case No. 23-11352 KHK (the "**Petition Date**").

2. On August 27, 2023, the Applicant was appointed by the U.S. Trustee to serve as the Subchapter V Trustee.

3. On September 27, 2023, the Court entered its Order Granting the Acting United

---

Stephen A. Metz (VA Bar No. 89738)
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
Telephone: (240) 507-1723
Facsimile: (240) 507-1735
Email: smetz@offitkurman.com
Subchapter V Trustee

States Trustee's Motion to Remove Debtor as Debtor in Possession and to Appoint Subchapter V Trustee as Operating Trustee Pursuant to 11 U.S.C. § 1185(A) (the "**Operating Order**").

4. Thereafter, Applicant played a very active role in the management of the Debtor's affairs and operations. One of the very first steps taken was to obtain control of the Debtor's bank account. Applicant thereafter spent a lot of time monitoring expenses, reviewing approving expenditures (including the largest ongoing expenditure – payroll), reviewing and preparing monthly operating reports with the assistance of Applicant's accountant, and constantly communicating with the Debtor's owner and other employees. Applicant spent a significant amount of time attempting to sell the Debtor's assets, which necessitated numerous communications with Applicant's broker, Debtor's landlord's representative (Angela Shortall, Chief Restructuring Officer of BNG Group, LLC, and her counsel Lawrence Katz), and potential buyers and their representatives and lenders. From the time records attached hereto, Applicant also drafted several motions concerning the sale of Debtor's assets and negotiated reduced payoffs with Debtor's secured lenders in order to ensure sufficient sales proceeds would be available to pay administrative claims and so that unsecured creditors would receive a distribution. Ultimately, the Court approved the sale of Debtor's assets, but it appears unlikely that the sale will close.

5. The United States Trustee filed a Motion to Dismiss this case (the "**Motion to Dismiss**"), and a hearing is scheduled on the Motion to Dismiss on September 16, 2025, the same date that Applicant has scheduled this Application for a hearing.

6. The time period covered by this Application is August 24, 2023 through August 14, 2025.

7. The Fees requested in this Application

   a. Metz     $108,332.50

      b. Margulies $540.00

      c. Total:     $108,872.50

8. The total hours covered by this Application:           206.50

9. The total expenses requested in this Application:      $422.00

10. The total fees and expenses requested in this Application: $109,294.50

11. A copy of Applicant's detailed time records are attached as Exhibit A.

12. A summary of total fees and hours by task requested in this Application is as follows:

| Summary | Hours | Amount |
|---|---|---|
| Total for Task 1 (General) | 119.10 | $ 61,804.00 |
| Total for Task 2 (Employment of Professionals) | 4.40 | $ 2,233.00 |
| Total for Task 3 (Sale) | 67.30 | $ 37,507.00 |
| Total for Task 4 (Claims) | 2.50 | $ 1,297.50 |
| Total for Task 5 (Monthly Operating Reports) | 10.50 | $ 5,491.00 |
| Total for Task 6 (Applications for Compensation) | 2.70 | $ 540.00 |
| **Total Time** | **206.50** | **$ 108,872.50** |

13. Brief description of services: In addition to the services described above, Applicant served as Subchapter V Trustee and, in that capacity, has participated in all aspects of this case and all hearings and other proceedings for the benefit of the Debtor and other parties in interest, including the following:

      a. Reviewing the Petition, Schedules and Statement of Financial Affairs

      b. Attendance at initial debtor interview;

    c. Attendance at the meetings of creditors;

    d. Attendance at all hearings and status conferences;

    e. Reviewing the Chapter 11 plan and objections thereto;

    f. Facilitating the sale of the Debtor's assets;

    g. Reviewing Proofs of Claim and negotiating with creditors;

    h. Preparing Monthly Operating Reports;

    i. Communications with the U.S. Trustee's Office, counsel for creditors and counsel for Debtor;

14. Applicant hereby affirms to the Court that the fees and expenses requested by this Application are (i) for actual, reasonable, and necessary services rendered by the Applicant, and (ii) based upon customary fees charged and generally approved by this Court for services of this nature provided by comparably skilled professionals.

15. Applicant submits that this Application satisfies the lodestar formula and factors set forth in § 330(a) of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The fees sought in this case represent reasonable compensation for actual, necessary services rendered as Subchapter V Trustee for services provided during the Application Period, taking into account the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform properly the services rendered, the Applicant's opportunity costs in pursuing the matter, the customary fee for like work, the Applicant's expectations at the outset of the matter, the time limitations imposed by the circumstances, the amount in controversy and the results obtained, the experience, reputation and ability of the Applicant, the desirability or undesirability of the case within the legal community in which the

case arose, the nature and length of the professional relationship between the Applicant and other parties in the case, and fee awards in similar cases.

16. No agreement or understanding exists between the Applicant and any other person for the division or sharing of the compensation or expenses that are the subject of this Application.

**Request To Apply Funds Held by Trustee
for Trustee's Fees and for Fees of Other Professionals**

17. By this Application, Applicant also requests approval to pay Applicant's allowed fees, and those of his other professionals (assuming the fee applications filed concurrently with this Application for approval of their fees are granted), from the funds Applicant is holding.

18. Applicant is holding the following funds. First, Applicant is holding $30,000 in a professional fee escrow account. The Court's Operating Order provided, in part, that the Debtor would escrow $5,000 per month "for professional fees incurred by the Subchapter V Trustee and any professionals retained in the case." Given the number of months since the entry of the Operating Order, Applicant should be holding more than $100,000, but the Debtor's cash flows did not support the ability to escrow $5,000 per month during most months.

19. Applicant is also holding a $100,000 deposit that Applicant received in conjunction with the proposed asset sale (the "**Deposit**"). On July 28, 2025, Applicant and the proposed purchaser executed a Second Amendment to Asset Purchase Agreement (the "**Second Amendment to APA**"), a copy of which Applicant attached to his Response to U.S. Trustee's Motion to Dismiss Chapter 11 Case [Doc. 208]. The Second Amendment to APA contains a provision in which the buyer agreed, acknowledged and confirmed that in the event the buyer fails to close in accordance with the provisions of the Second Amendment, or if this case is dismissed or converted prior to closing, the entirety of the Deposit shall forever be deemed forfeited (if not already conclusively forfeited pursuant to the June 24 Notice of Termination and Forfeiture). The

5

Second Amendment to APA required the buyer to close by August 29, 2025, unless extended further to September 13, 2025 pursuant to a one-time extension option. Applicant does not expect the buyer to close, either by August 29, 2025 or by September 13, 2025. Assuming the buyer does not close (which will be known in advance of the September 16, 2025 hearing on this Application), Applicant requests that the Court order that Applicant shall use the $100,000 (paid in the form of the Deposit), to pay Applicant's fees and those of his other professionals.

20. Applicant is also holding $2,200 in a cash collateral account, and Applicant requests that the Court order that Applicant remit those funds to the Small Business Administration, because the Small Business Administration holds a first priority lien on the Debtor's assets, and at the beginning of this case, the Debtor (through counsel) indicated that it would not use the funds held in its bank account as of the Petition Date. After Applicant began operating the Debtor, Applicant deposited $2,200 into a segregated cash collateral account, and thus Applicant believes it would be appropriate to remit those funds to the Small Business Administration.

WHEREFORE, the Applicant prays that the Court enter an Order approving on a final basis the compensation sought in this Application, allowing such approved compensation as an allowed chapter 11 administrative expense priority claim, and authorizing the Applicant to pay the allowed fees from the funds held by Applicant.

Date: August 21, 2025         /s/ Stephen A. Metz
                              Stephen A. Metz, Bar No. 89738
                              Offit Kurman, P.A.
                              7501 Wisconsin Avenue, Suite 1000W
                              Bethesda, Maryland 20814
                              O (240) 507-1723; F (240) 507-1735
                              smetz@offitkurman.com

                              *Subchapter V Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2025, a true and correct copy of the First and Final Application of Subchapter V Trustee for Compensation and proposed order, were served on all parties receiving CM/ECF notices in this case, as follow:

- **Marc E. Albert**   marc.albert@stinson.com, dc05@ecfcbis.com; porsche.barnes@stinson.com;malbert@ecf.epiqsystems.com;joshua.cox@stinson.com
- **Matthew W. Cheney**   ustpregion04.ax.ecf@usdoj.gov
- **Alan D. Eisler**   aeisler@e-hlegal.com, mcghamilton@gmail.com
- **Jack Frankel**   jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov
- **Michael T. Freeman**   michael.t.freeman@usdoj.gov, robert.w.ours@usdoj.gov
- **David William Gaffey**   dgaffey@whitefordlaw.com, clano@whitefordlaw.com
- **Lawrence Allen Katz**   lkatz@hirschlerlaw.com, chall@hirschlerlaw.com;aklena@hirschlerlaw.com
- **Robert P. McIntosh**   Robert.McIntosh@usdoj.gov, USAVAE.RIC.ECF.CIVIL@usdoj.gov; Ramona.ONeil@usdoj.gov;CaseView.ECF@usdoj.gov
- **Stephen A. Metz**   smetz@offitkurman.com, MD71@ecfcbis.com
- **Tracey Michelle Ohm**   tracey.ohm@stinson.com, porsche.barnes@stinson.com
- **Benjamin P. Smith**   bsmith@shulmanrogers.com, rparadis@shulmanrogers.com ;MZawalick@shulmanrogers.com;vdeguzman@shulmanrogers.com
- **Maurice Belmont VerStandig**   mac@mbvesq.com, lisa@mbvesq.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

And all parties on the attached Service List by first class mail, postage prepaid:

                                           */s/ Stephen A. Metz*
                                           Stephen A. Metz

4936-2563-5166, v. 2